BECKETT RIDGE ASSOCIATION-I, APPELLEE, *v.* AGNE ET AL., APPELLANTS.

(No. CA85-01-007—Decided September 9, 1985.)

*Schnell & Grove, Jack F. Grove; Walsh & Matre* and *James A. Matre,* for appellee.

*Richard J. Valleau,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

This is an appeal of a summary judgment granted against Charles and Sylvia Agne, appellants herein, enjoining them from using an umbrella clothesline in the backyard of their Beckett Ridge residence.

Beckett Ridge is a planned unit development which is composed of several different life-style housing sections. The Agnes' home is located in the custom home section, the largest of

Beckett Ridge's sections. In addition to the various housing sections, the development also has extensive recreational areas. The overall development plan emphasizes the aesthetic qualities of the community through the dedication of extensive, common open space and various architectural and land use controls. Restrictive covenants were adopted in this regard and were filed with each section as it was platted and recorded in the Butler County Recorder's office. The pertinent portions of those restrictive covenants applicable to the Agnes' property and recorded on the plat, read as follows:

"1.6. Fencing, Swing-sets and Swimming Pools. No fences and other lot dividers, swing-sets, clothes hanging fixtures or backyard above-the-ground swimming pools may be erected or installed by any lot owner unless such owner has first obtained the approval of the Beckett Ridge Joint Venture [its] successors and assigns or any person, entity or association designated by Beckett Ridge Joint Venture for such purposes.

"1.7. Storage, Outbuildings and Other Personal Property. No recreational vehicles, boats, travel trailers, or trucks shall be parked or stored on the lot unless the same are in a garage or other vehicle enclosure and out of view. No additions, alterations or outbuildings shall be constructed on the lot unless the owner shall first obtain the prior approval of the Beckett Ridge Joint Venture, its successors and assigns or any entity or person designated by Beckett Ridge Joint Venture to grant such approval. All clotheslines, garbage cans, rubbish, trash, debris and other unsightly material shall be kept in a garage or other enclosure so as to be out of view of other lot owners."

It is undisputed by the parties that the covenants listed above are part of a uniform plan for the development of Beckett Ridge.

Plaintiff-appellee, Beckett Ridge Association-I ("association"), is an association formed for the supervision and maintenance of the community's open space. All property owners in Beckett Ridge, including appellants, and the Beckett Ridge Joint Venture, the community's developer, are members of the association.

The Agnes began using the clothesline in question almost immediately after moving into their residence in 1981. The clothesline was clearly visible from adjoining property lots, a street, and the community golf course. In May 1982, the association notified the Agnes in writing, instructing them to terminate the use of the clothesline. The Agnes ignored this notice as well as a second written notice which the association sent in August of that same year. The Agnes finally applied to the association for permission and approval to use the clothesline in their yard. During all this time, the Agnes continued to maintain and use the clothesline.

In January 1983, the association considered the request and unanimously decided against granting it. Following the denial, the Agnes continued to use the clothesline despite repeated notices from the association that such use was prohibited.

On June 15, 1983, the association filed a complaint against the Agnes seeking injunctive relief to prohibit the Agnes' use of the clothesline. The Agnes filed an answer to the complaint and later filed a third-party complaint against Beckett Ridge Joint Venture. The association and Beckett Ridge Joint Venture jointly filed a motion for summary judgment on August 21, 1984. In an opinion dated October 23, 1984, the trial court determined that there was no genuine issue as to any material fact and

that the parties moving for summary judgment were entitled to judgment as a matter of law. An entry granting declaratory judgment in favor of the association and Beckett Ridge Joint Venture and also enjoining the Agnes from violating the restrictive covenant by using the clothesline was signed and journalized on December 31, 1984. It is from this opinion and judgment entry that the Agnes have appealed, asserting, as their sole assignment of error, that the trial court erred in granting the association's motion for summary judgment.

Summary judgment should only be granted when there is no genuine issue of material fact; the moving party is entitled to judgment as a matter of law; and reasonable minds could come to but one conclusion which is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in his favor. *Keaton* v. *Paul O. Abbe, Inc.* (May 13, 1985), Clinton App. No. CA84-11-030, unreported, at page 4; Civ. R. 56(C). Thus, a party is entitled to summary judgment if it is clear from the pleadings, affidavits, depositions and other forms of evidence that there is no genuine issue as to any material fact. *Webb* v. *Hamilton* (July 22, 1985), Butler App. No. CA85-02-013, unreported, at pages 3-4.

Appellants claim that a genuine issue of material fact exists regarding the association's manner of enforcing the restrictive covenant. The evidentiary materials filed by the association, which include affidavits and the depositions of the appellants, show, and appellants readily concede, that the restrictive covenants in question are reasonable land use restrictions. Also, the materials filed by the association indicate that the restrictive covenant against the use of clotheslines is uniformly enforced and that no other residents of Beckett Ridge are in viola-tion of the covenant. Appellants submit that the association's denial of permission for appellants to use their clothesline without providing a reason for withholding the approval was an arbitrary, capricious and unreasonable act on the part of the association. Thus, it appears that the issue arises in the form of the following question: must the association show a reason for denying its permission in order to show that its denial was reasonable or is it incumbent upon appellants to demonstrate a compelling need for the use of the clothesline in order to show that the association's denial was unreasonable or arbitrary?

Restrictive covenants, like other efforts to restrict land use, are generally viewed with disfavor, but this aversion can be overcome by evidence establishing the existence of a general plan or scheme. *Bailey Development Corp.* v. *MacKinnon-Parker, Inc.* (1977), 60 Ohio App. 2d 307 [14 O.O.3d 277]. In the case at bar, the evidence is undisputed that the covenant prohibiting the use of clotheslines in open areas was part of a general plan or scheme to enhance the aesthetic character of the community by avoiding unattractive appearances generally associated with high population density projects. Plans of this nature which are dedicated to maintaining the harmony and aesthetic quality of a community have been upheld when they are reasonably exercised. *Prestwick Landowners' Assn.* v. *Underhill* (1980), 69 Ohio App. 2d 45 [23 O.O.3d 36]. It is appellants' position that the association has failed to reasonably enforce or exercise the restrictive covenant in question.

*Prestwick Landowners' Assn., supra,* involved a covenant which required property owners to obtain consent from the architectural committee of the owners' association prior to constructing a fence. The declaration containing the covenant had no written or *de facto* guidelines to give notice to an

owner as to the kind of fence which would qualify for the governing committee's consent. The committee considered each request for a fence on its individual merits. The record indicated that no two fences in the development were alike. The court found that the covenant presented a situation where the owners had no guidelines in submitting plans and the committee had no guidelines in accepting or rejecting them. "* * * In other words, there is too great a possibility here that the consent restriction can be exercised in an arbitrary, capricious, and unreasonable manner. * * *" *Prestwick Landowners' Assn.,* *supra,* at 49. The committee rejected the owners' plans because they were not "pleasing" enough. "Pleasing" alone, like "harmonious," the court held, was not enough of a guideline to insure that the consent would be given or withheld in a reasonable manner. *Id.* at 50.

The restrictive covenant in the case at bar appears to be lacking "guidelines" as well. This however does not require a finding that the approval of the association can be granted or withheld in an arbitrary, capricious or unreasonable manner. The record indicates that the covenant has been *strictly* and *uniformly* applied throughout Beckett Ridge. The reasonableness of the enforcement of the covenant lies in the fact that it is consistently enforced in the same manner throughout the community. Had there been evidence to demonstrate that the association consented to the use of a clothesline by other owners while denying the same to appellants without any reasoning for either situation, appellants would conceivably have a stronger case for arguing the arbitrary or unreasonable enforcement of the covenant. However, such is not the case. The materials submitted by the association in support of its motion for summary judgment support a finding that the restrictive covenant was enforced by the same standard on an equal basis. Appellants' materials do not indicate otherwise. Thus, it is not as important for the association to demonstrate a reason for its denial as it is for appellants to show a compelling need for the use of the clothesline. It appears that appellants' use of the clothesline was more as a matter of convenience and preference than out of necessity. There is nothing in the record to suggest that appellants were compelled or required to use the clothesline. We therefore find that the trial court was correct in concluding that there was no genuine issue of fact and that the association was entitled to judgment as a matter of law. The granting of summary judgment was proper and, accordingly, appellants' sole assignment of error is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.