AURORA SHORES HOMEOWNERS ASSOCIATION, APPELLANT, *v.* HARDY ET AL., APPELLEES.

(No. 12813—Decided April 1, 1987.)

*Kevin R. Sanislo,* for appellant.
*Douglas R. Fouts,* for appellees.

MAHONEY, J. Plaintiff-appellant, Aurora Shores Homeowners Association ("Aurora Shores") appeals a declaratory judgment denying it the right to demand that defendants Harry and Mary Hardy remove a chain-link dog run on their premises for noncompliance with allotment covenants and restrictions. We affirm.

The Hardys live within Aurora Shores, a planned urban development. Section 1, Article X of the "Covenants and Restrictions for Aurora Shores" provides as follows:

"ARTICLE X

"ARCHITECTURAL CONTROL COMMITTEE

"Section 1. Review by Committee. No building, docks, fence, wall or other structure shall be commenced, erected or maintained upon The Properties, nor shall any exterior addition to or change or alteration therein be made until the plans and specifications showing the nature, kind, shape, height, materials, and location of the same shall have been submitted to and approved in writing as to harmony of external design and location in relation to surrounding structures and topography by the Trustees of Association, or by an architectural committee composed of three (3) or more representatives appointed by the Trustees. In the

event said Trustee or designated committee fail to approve or disapprove such design and location within thirty (30) days after said plans and specifications have been submitted to it, or in any event, if no suit to enjoin the addition, alteration or change has been commenced prior to completion thereof, approval will not be required and this Article X will be deemed to have been fully complied with. This section shall not apply to Developer."

In April 1984, the Hardys erected a six foot by twelve foot concrete dog run surrounded by a chain-link fence, at the rear of their residential lot. The Hardys never notified the Aurora Shores Architectural Committee nor sought its approval in any way. This lawsuit was not filed until October 30, 1985. The trial court held that:

"5. Pursuant to Article X, Section 1, no approval of the Architectural Committee or other entity within Aurora Shores is required.

"6. Such fence and concrete pad are therefore by the express language of Article X deemed to have been constructed in full compliance with Article X."

Aurora Shores contends that a request for approval prior to construction is mandatory under Article X.

We concur with the trial court in its interpretation of Article X. The failure to file suit to enjoin the construction within the time provided is tantamount to approval. Such a ruling comports with the general rule set forth in *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, 277, 71 O.O. 2d 247, 254, 328 N.E. 2d 395, 404, quoting *Loblaw, Inc.* v. *Warren Plaza, Inc.* (1955), 163 Ohio St. 581, 57 O.O. 10, 127 N.E. 2d 754, paragraph two of the syllabus:

" 'The general rule, with respect to construing agreements restricting the use of real estate, is that such agreements are strict[l]y construed against limitations upon such use, and that all doubts should be resolved against a possible construction thereof which would increase the restriction upon the use of such real estate.' "

The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.