BROCK et al., Appellees,

v.

STROLE et al., Appellants.

[Cite as *Brock v. Strole* (1989), 63 Ohio App.3d 96.]

Court of Appeals of Ohio,
Wood County.

No. WD–88–66.

Decided May 26, 1989.

*Drew A. Hanna,* for appellees.

*Kenneth C. Baker,* for appellants.

---

*Per Curiam.*

This case is on appeal from a judgment of the Wood County Court of Common Pleas.

The facts of this case are as follows. Appellees, Paul Brock, Jerry Brock, Carl deMoll and Chris deMoll, are owners of residential lots within what is known as River Tract 64 located in Wood County, Ohio. Appellant, Jon F. Strole, owns a parcel of property also located within River Tract 64. River Tract 64 lies between the Maumee River and State Route 65.

In order to develop the Cranbrook subdivision, separated from River Tract 64 by State Route 65, appellant, the Reynolds Construction Company ("Reynolds") needed to install a storm sewer system. Reynolds contracted with Strole to install storm sewer pipes from the Cranbrook subdivision, under State Route 65 and through the Strole property.

After obtaining approval from the Wood County Engineer and Planning Commission, the storm sewer system was completed in June 1988. Thereafter, Strole conveyed an access easement over his property to the Wood County Commissioners, who are to maintain the system.

The majority of the storm sewer system lies buried in the Strole property at an approximate depth of fourteen feet. The only visible portions of the system are four manhole covers which lie flush with the ground and an outfall, which consists of an exposed concrete pipe at the base of a hill on the Strole property. Water collected by the storm sewer system is intended to leave the outfall and travel through a flood plain to the Maumee River.

Strole's property, as well as the other property located in River Tract 64, is subject to restrictive covenants as enumerated in the Declaration of Restrictions. Included in the Declaration of Restrictions is a prohibition against the building of any structures without prior approval of the Building Committee.

In December 1987, the Brocks and deMolls, as homeowners adjacent to the Strole property, brought an action against Strole and Reynolds based on alleged violations of the Declaration of Restrictions. Specifically, the Brocks and deMolls argue that the installation of the storm sewer system violates the prohibition against the building of any structure without prior approval of the Building Committee.

On September 16, 1988, the trial court granted declaratory judgment against Strole and Reynolds finding that the storm sewer system was prohibited pursuant to the Declaration of Restrictions. It is from that judgment that Strole and Reynolds assign the following assignments of error:

"I. The trial court erred in concluding that the portion of the storm sewer system buried under the Strole lot was a 'structure' within the meaning of the Declaration of Restrictions.

"II. The trial court erred in concluding that the portion of the sewer system which opens onto the ground of the Stole [sic] lot at the beginning of the flood plain was a 'structure' within the meaning of the Declaration of Restrictions.

"III. The trial court erred in concluding that appellants had violated the Declaration of Restrictions as a result of the construction of the storm sewer system on the Strole lot."

This court will address together all three assignments of error which essentially allege that the trial court erred in determining that the storm sewer system was a "structure" within the meaning of the Declaration of Restrictions.

It is well-settled law in Ohio that restrictive covenants intended to reasonably preserve the aesthetic qualities of a residential area are enforceable. *Beckett Ridge Association–I v. Agne* (1985), 26 Ohio App.3d 74, 76, 26 OBR 248, 250–251, 498 N.E.2d 223, 225–226; *Prestwick Landowners' Assn. v. Underhill* (1980), 69 Ohio App.2d 45, 49, 23 O.O.3d 36, 39, 429 N.E.2d 1191, 1195. However, it is also well-settled law that restrictive covenants are, in general, looked upon with disfavor and are to be strictly construed against limitations that restrict land use. *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 277, 71 O.O.2d 247, 254–255, 328 N.E.2d 395, 404–405; *Bove v. Giebel* (1959), 169 Ohio St. 325, 8 O.O.2d 341, 159 N.E.2d 425, paragraph one of the syllabus.

In the present case, the Declaration of Restrictions, paragraph (3), limits the use of the property in River Tract 64 as follows:

"The tract of land above described shall be used for private residential dwelling purposes only. No buildings of any kind whatsoever shall be erected

or maintained thereon except private dwellings and garages which conform to the provisions of this Declaration. *No other structure of any kind whatsoever shall be erected or maintained, except those which conform to the provisions of this Declaration, and then only with the written consent of the Building Committee.* However, the lowlands adjacent to the Maumee River may be farmed and crops raised thereon by the owners of the parcels of real estate or leased by them for that purpose." (Emphasis added.)

Further, the Declaration of Restrictions, paragraph (1)(c), defines "structures" as follows:

"Structures shall mean anything erected or constructed of any material including buildings other than dwellings and garages and parts thereof, and including driveways."

It is clear that such restrictions are intended to preserve the residential nature and aesthetic qualities of River Tract 64. However, this court is at a loss to understand how the portion of a storm sewer system, buried fourteen feet below ground, disrupts either the residential nature or aesthetic qualities of a neighborhood. As such, we find the restrictive covenant which purports to prohibit the installation of a storm sewer system, not visible to the human eye, unreasonable in its application and, therefore, unenforceable.

Similarly, we find the four manhole covers, installed flush with the ground, not to be the type of structure reasonably intended to be precluded by the Declaration of Restrictions. Any effect on the residential nature or aesthetic qualities of the neighborhood produced by such covers is *de minimis*. A restrictive covenant which purports to prohibit the installation of such covers is unreasonable in its application and, therefore, unenforceable.

There remains a question as to whether the outfall pipe, which is visible, is properly prohibited by the Declaration of Restrictions. In that the record is devoid of any description of the outfall pipe, it is impossible to determine whether such pipe is the type of object the Declaration of Restrictions was reasonably intended to preclude. Without a factual description of the outfall pipe, a judgment cannot be rendered as to whether the residential nature or aesthetic qualities of River Tract 64 will be disturbed. Therefore, we find summary judgment as to whether the outfall pipe is a reasonably prohibited structure under the Declaration of Restrictions was improper.

Accordingly, all three assignments of error are found well taken.

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and the judgment of the Wood County Common Pleas Court is reversed. This cause is remanded to said court for further

proceedings not inconsistent with this decision. It is ordered that appellees pay court costs of this appeal.

*Judgment reversed
and cause remanded.*

GLASSER, ABOOD and ROBERT V. FRANKLIN, JR., JJ., concur.

ROBERT V. FRANKLIN, JR., J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.