SPRUNK, APPELLANT, *v.*
CREEKWOOD CONDOMINIUM UNIT
OWNERS' ASSOCIATION ET AL.,
APPELLEES.

(No. C-880408—Decided
August 9, 1989.)

*Lindhorst & Dreidame* and *Mark A. MacDonald,* for appellant.

*Barron & Peck* and *Daniel M. Bennie,* for appellees.

*Per Curiam.* Plaintiff-appellant, Keith Sprunk, appeals from the trial court's judgment in a bench trial, finding that a condominium restriction applicable to use and occupancy prohibited the installation of an exterior screen door on the front of his condominium unit. Appellant's assignments of error contend that: (1) the trial court abused its discretion in entering judgment against him, and (2) the judgment is contrary to law. Neither assignment is well-taken.

The sixty-two units in the Creekwood Condominiums Complex are located in Glendale, Ohio, and are governed by the defendant-appellee, Creekwood Condominium Unit Owners' Association, Inc. ("Association"), a unit owners' association established under authority of R.C. Chapter 5311. The defendant-appellee, Association Management Corporation, was hired by the Association to manage the complex. A Declaration of Condominium ("Declaration"), containing the con-

tract among unit owners and the Association, and the Association by-laws were recorded with the Hamilton County Recorder pursuant to R.C. 5311.06. Section 7.1(E), Article VII of the Declaration provides:

"Exterior surfaces of buildings, Family Unit Owners shall not cause or permit anything to be hung on the outside windows or placed on the outside walls of a building, and no sign, awning, canopy, shutter, radio or television antenna shall be affixed to or placed upon the exterior walls or roof or any part thereof, without the prior consent of the Association."

Appellant, who owns and resides in unit 58, applied to the Association for permission to add a patio-deck and hot tub to the rear of his unit. As a result of a discussion with the president of the Association's board of trustees, the appellant amended his application to include a screen door to be added to the front of his unit. The Association approved the patio-deck, but rejected the installation of the exterior screen door because, as stated in the Association's minutes, "the door would not be uniform with the rest of the complex." At trial, evidence was also introduced that the Association believed that the risk of burglary and theft would be increased. Despite his failure to obtain the Association's consent, the appellant installed an exterior screen door. After being notified of his obligation to remove the screen door, he filed an action for declaratory judgment seeking a determination of his right under Section 7.1(E) of the Declaration to install an exterior screen door on his unit, and for an injunction against the removal of the screen door by the Association acting under the authority provided in R.C. 5311.19.

Appellant's brief acknowledges that both assignments or error raise the same issues. He argues that Section 7.1(E) does not expressly or in-ferentially prohibit screen doors because a screen door is affixed to a door frame rather than to an outside wall. Absent an express limitation under Section 7.1(E), he argues that the Association's decision to withhold consent was arbitrary and capricious, where there were no guidelines to provide notice to unit owners of conforming and permissible uses.

Because they affect alienability of real estate, restrictive covenants, conditions, or restrictions, such as those contained in the Declaration, are viewed with disfavor unless they relate to a general plan, of which a purchaser has notice. *Bailey Development Corp.* v. *MacKinnon-Parker, Inc.* (1977), 60 Ohio App. 2d 307, 14 O.O. 3d 277, 397 N.E. 2d 405; *Beckett Ridge Assn.-I* v. *Agne* (1985), 26 Ohio App. 3d 74, 26 OBR 248, 498 N.E. 2d 223. The benefits of condominium living contemplate cooperation among unit owners. Restrictions adopted with the blessing of R.C. 5311.05 require an owner to surrender certain personal choices in the interest of the common purpose. Accordingly, an owner who unilaterally disrupts the general plan because he wants a change defeats the idea and purpose of condominium living. See *Georgetown Arms Condominium Unit Owners' Assn.* v. *Super* (1986), 33 Ohio App. 3d 132, 514 N.E. 2d 899.

The Declaration must be strictly construed because the concept of a condominium depends upon reasonable use and occupancy restrictions, *Georgetown Arms Condominium Unit Owners' Assn.* v. *Super, supra.* The trial court, however, did not abuse its discretion in finding that the language of Section 7.1(E), which concerns "Exterior Surface of Buildings" and which prohibits anything "placed on the outside walls of the building," is sufficiently definite to exclude installation of an exterior screen door. In considering the language of this provision, the

trial court could reasonably conclude that appellant knew and understood that Section 7.1(E) applied to screen doors. Accordingly, the trial court had ample evidence to find that the Association's decision to reject the appellant's application on grounds of aesthetics and condominium security was neither arbitrary nor capricious.

Appellant relies on *Prestwick Landowners' Assn.* v. *Underhill* (1980), 69 Ohio App. 2d 45, 23 O.O. 3d 36, 429 N.E. 2d 1191, in support of his assignment of error. The case is distinguishable, however, because the housing complex under consideration in that case did not qualify as a condominium established by R.C. Chapter 5311 and because it involved different types of fences being erected by different owners without reference to uniformity or *de facto* guidelines. In the case *sub judice,* the exterior screen door restriction has been uniformly enforced, and no unit has an exterior screen door. See *Beckett Ridge Assn.-I* v. *Agne, supra.*

Therefore, appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.