Defendants James and Marge Andrews appeal from the judgment of the trial court entered in favor of plaintiff Pineview Court Condominium Association, Inc. (the "Association") which, interalia, ordered that defendants remove a skylight from their condominium. For the reasons set forth below, we affirm.
On January 4, 1995, the Association filed this action against defendants to enforce a provision in its Declaration prohibiting alterations to common areas.
On May 17, 1996, the Association moved for summary judgment. The Association's evidence established that the roof above defendants' unit is a common area and that the Declaration and By-Laws prohibit improvements to this area without the prior approval of the Association. The Association admitted, however, that two units at Pineview Court have skylights which were installed by the original developer.[1] Both have leaked and had to be repaired at the expense of the Association in accordance with its duty to maintain common areas. In the summer of 1995, the Clarks, owners of a unit located at Balsam Drive installed a skylight without prior approval of the Association. The Clarks eventually agreed to remove the skylight and the Association agreed to pay to re-roof this area. Finally, the Association demonstrated that defendants' skylight is the only existing skylight installed by a unit owner without the Association's consent or prior knowledge.
In opposition to the Association's motion for summary judgment, defendants asserted that there is no general scheme as to the manner in which skylights are maintained or prohibited. They cite to the fact that the skylights installed by the developer as part of the original construction remain and the skylight installed by the Clarks remained for two years and was removed only after it leaked. Defendants therefore asserted that the Association had acted in a discriminatory and capricious manner in seeking the removal of this skylight.
On November 1, 1996, the trial court granted the Association's motion for summary judgment. The court ordered defendants to remove the skylight and to return the roof to its original condition. Defendants now appeal and assign a single error for our review.
The assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT WHEN APPELLANT SHOWED THAT THERE WERE GENUINE ISSUES OF MATERIAL FACT.
Within this assignment of error, defendants maintain that there is a genuine issue of material fact as to whether the Association acted in a discriminatory manner. They assert that the owners of the Balsam Drive unit were not forced to remove their skylight but rather chose to remove it after it leaked.
The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. CelotexCorp. v. Catrett (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111; Celotex,supra, at 322-323, 106 S.Ct. at 2552-2553.
This court reviews the lower court's granting of summary judgment de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588.
Further, the construction of written contracts and instruments of conveyance is a matter of law. Latina v. Woodpath DevelopmentCo. (1991), 57 Ohio St.3d 212, 214.
Turning to the substantive claim advanced herein, it is clear that condominium living has a unique character. WorthinglenCondominium Unit Owners' Assoc. v. Brown (1989), 57 Ohio App.3d 73,75. The court explained:
 A purchaser of a condominium unit voluntarily submits himself to the condominium form of property ownership, which requires each owner to * * * give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization." quoting Hidden Harbour Estates, Inc. v. Norman (Fla.App. 1975), 309 So.2d 180, 182.
Likewise, this court has stated:
 "Every man may justly consider his home his castle and himself as the king thereof; nonetheless his sovereign fiat to use his property as he pleases must yield, at least in degree, where ownership is in common or cooperation with others. The benefits of condominium living and ownership demand no less. The individual ought not be permitted to disrupt the integrity of the common scheme through his desire for change, however laudable that change might be." Quoting Sterling Village Condominium, Inc. v. Breitenbach (Fla.App. 1971), 251 So.2d 685, 688.
Georgetown Arms Condominium Unit Owners' Assn. v. Super (1986),33 Ohio App.3d 132, 134.
Thus, an owner who unilaterally disrupts the general plan because he wants a change defeats the idea and purpose of condominium living. Sprunk v. Creekwood Condominium Unit Owners'Assn. (1989), 60 Ohio App.3d 52, 53.
Compliance with condominium declarations and by-laws is required under R.C. 5311.19 where the restrictions are reasonable. See Monday Villas Property Owners Assn. v. Barbe
(1991), 75 Ohio App.3d 167, 171; Worthinglen Condominium UnitOwners' Assn. v. Brown, supra; River Terrace Condominium Assn. v.Lewis (1986), 33 Ohio App.3d 52, 57.
Ohio courts have applied a three-part test to determine if a condominium restriction is reasonable. Under this test, a reviewing court must determine: (1) whether the decision or rule is arbitrary; (2) whether the decision or rule is applied in an even-handed or discriminatory manner; and (3) whether the decision or rule was made in good faith for the common welfare of the owners and occupants of the condominium. WorthinglenCondominium Unit Owners' Association v. Brown, supra, at 76. See, also, River Terrace Condominium Assn. v. Lewis, supra.
In determining whether the rule which prohibits modifications to the common areas such as roofs is arbitrary, we note that R.C. Chapter 5311 governs condominium ownership. R.C. 5311.01 (B) defines the common area of condominium property to include:
(1) The land described in the declaration;
 (2) All other areas, facilities, places, and structures that are not part of a unit, including, but not limited to:
 (a) The foundations, columns, girders, beams, supports, supporting walls, roofs, halls, corridors, lobbies, stairs, stairways, fire escapes, entrances, and exits of buildings.
R.C. 5311.03 (D) states:
 Unless otherwise provided in the declaration or drawings, the boundaries of a unit that is not a water slip unit are the interior surfaces of its perimeter walls, floors, and ceilings. Windows and doors in the perimeter walls, floors, or ceilings of a unit are part of the unit. Supporting walls, fixtures, and other parts of the building that are within the boundaries of a unit but which are necessary for the existence, support, maintenance, safety, or comfort of any other part of the condominium property are not part of the unit.
In determining whether the rule at issue was made in good faith for the common welfare of the owners and occupants of the condominium, R.C. 5311.04 (A) provides that the "common areas and facilities of a condominium property are owned by the unit owners as tenants in common and the ownership shall remain undivided." See, also, Stony Ridge Hill Condominium Assn. v. Auerbach (1979),64 Ohio App.2d 40, 43. In addition, R.C. 5311.19 requires all persons lawfully in possession and control of any part of condominium property to comply with the declarations and by-laws of the unit owners association.
As to the key issue of whether the prohibition against alterations of roofs has been applied in an even-handed or discriminatory manner, defendants note that two skylights remain within the development, and the Clarks' skylight remained, without complaint by the Association, for two years. However, the Association demonstrated that the skylights installed at two units on Balsam Drive were installed by the developer as part of the original construction. The record indicates that the Association was not formed at this time, and in any event, these prior constructions would not come within the Association's rules which prohibit unit owners from altering the common areas.
Further, the Association's evidence demonstrated that unlike the skylight involved in this matter, the skylight installed by the Clarks was not visible from the street and in 1995 the Association learned that it had been installed without prior approval. Immediately thereafter, the Association demanded that the Clarks remove it. The Association then restored the roof to its original condition. The Association also demonstrated that it has general responsibility to maintain the roofs at the site at its expense since roofs are common areas. In accordance with the foregoing, defendants' failed to demonstrate that this prohibition was applied in a discriminatory manner.
The assignment of error is without merit and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., AND PATTON, J., CONCUR.
 _________________________________ ANN DYKE PRESIDING JUDGE
[1] These skylights, installed by the developer as part of the original construction, remain.