{¶ 24} I respectfully dissent. *Page 12 
 {¶ 25} I would find that the Rounds have met their initial burden under Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, to show that no genuine issue of material fact exists regarding the applicability of the protective covenants set forth in the Association's Declaration of Covenants and Restrictions and regarding whether the Association acted in a manner that was arbitrary, capricious and unreasonable when it denied the Rounds' request to install an above-ground swimming pool on their property. I would further find that appellants have failed to meet their reciprocal burden under State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 449.
 {¶ 26} This Court has recognized that "[t]he general rule, with respect to construing agreements restricting the use of real estate, is that such agreements are strict[l]y construed against limitations upon such use, and that all doubts should be resolved against a possible construction thereof which would increase the restriction upon the use of such real estate." Aurora Shores Homeowners Assn. v. Hardy (1987),37 Ohio App.3d 169, 170, quoting Driscoll v. Austintown Assoc. (1975),42 Ohio St.2d 263, 277. In this case, the Declaration of Covenants and Restrictions does not address swimming pools at all. The Declaration does, however, go to great lengths to address other structures, the use or installation of which must either be approved by the Association or must otherwise comport with Association guidelines. Had the Association intended to regulate the existence or type of swimming pools allowed on a homeowner's property, it could have incorporated any limitations in its Declaration of Covenants and Restrictions. It did not. *Page 13 
 {¶ 27} In addition, the Rounds presented evidence to show that the Association's denial of their request was arbitrary and unreasonable, when they showed that the Association had approved the installation of an in-ground swimming pool by another homeowner. Appellants at times denied the approval of any other swimming pools within the Association property, and at times admitted yet distinguished its approval of an in-ground pool. I find the Rounds' argument that an in-ground pool poses a greater safety hazard than does an above-ground pool to be well-reasoned. It is much easier for a child or other person to fall into an in-ground pool than into an above-ground pool. Accordingly, there is no support for the Association's denial on the basis of safety concerns. Further, there is no dispute that the Association approved the Rounds' request for a privacy fence on their property. Therefore, any assertion that the appearance of the Rounds' proposed pool would not be harmonious with other existing structures is unfounded, as the pool would be shielded from sight by the fence. In addition, the fence would further negate any safety concerns.
 {¶ 28} For the reasons enunciated above, I find that the Rounds presented evidence to meet their initial burden and that appellants failed to meet their reciprocal burden. I would affirm the judgment of the trial court, which ordered that the Rounds shall be permitted to install an above-ground pool on their property. *Page 1