[Cite as *Heather Lake Assn. v. Billiter*, 2017-Ohio-8387.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HEATHER LAKE ASSOCIATION | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 17-CA-31 |
| | : | |
| DAVID BILLITER, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Fairfield County Court
                               of Common Pleas, Case No.
                               2015CV00803



JUDGMENT:                      AFFIRMED



DATE OF JUDGMENT ENTRY:        October 30, 2017



APPEARANCES:

For Plaintiff-Appellee:                     For Defendants-Appellants:

ROBERT E. KMIECIK                           DAVE LACKEY
GARRETT B. HUMES                            SCHERNER, SYBERT & RHOAD LLC
KAMAN & CUSIMANO LLC                        153 S. Liberty St.
8101 N. High St., Suite 370                 Powell, OH 43065
Columbus, OH 43235

*Delaney, P.J.*

{¶1} Defendants-appellants David Billiter et al. appeal from the Entry dated June 2, 2017 and Consent Judgment Entry dated June 28, 2017 of the Fairfield County Court of Common Pleas. Plaintiff-appellee is the Heather Lake Association.

{¶2} This case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

> (E)  Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶3} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶4} This appeal shall be considered in accordance with the aforementioned rules.

## FACTS AND PROCEDURAL HISTORY

{¶5} Appellee is a nonprofit corporation organized and existing under the laws of the state of Ohio to provide a corporate entity for the operation of 69 lots and homes

located at the Heather Lake community in Lancaster, Fairfield County. The "Heather Glen Subdivision Declaration of Covenants, Easements, Restrictions, and Assessment Lien" ["Declaration"] was filed on August 30, 1996, and applied to Lots 1 through 22. Two months later, an amendment was recorded which changed the name from "Heather Glen Homeowners' Association" to "Heather Lake Association."

{¶6} On September 25, 1997, a second amendment to the Declaration was recorded which added Lots 23 through 58 to the property subject to the Declaration.

{¶7} On June 27, 2001, appellants took title to Lot 37 located at 1967 Glenhurst Drive, Lancaster, Ohio. At that time, Article I, Section 2(e) of the Declaration stated:

> Vehicle. The Board may promulgate regulations restricting the parking of automobiles, inoperable vehicles, trucks, boats, and recreational vehicles on the Lots and Common Areas and, to the extent not prohibited by law, the streets within the subdivision, and may enforce such regulations or restrictions by levying fines or enforcement charges, having such vehicles towed away, or taking other such actions as it, in its sole discretion, deems appropriate.

{¶8} Appellee asserted in the trial court that pursuant to the Declaration, the Association adopted a Design Review Manual for Single Family Residential Development on May 12, 2001 ("Design Review Manual"), regulating parking of "Vehicles, Trailers, Boats, Commercial Vehicles and Motor Homes." The Design Review Manual states in pertinent part:

> No commercial vehicle may be parked, stored, or temporarily kept on any Lot or Reserve, except when there temporarily to service

existing improvements or to be used in connection with the construction of improvements in Heather Lake. * * * *. Notwithstanding the foregoing, the Board of Trustees shall have the right, in its sole discretion, to determine whether or not a particular vehicle type, or any particular vehicle is authorized. * * * *.

{¶9} The Design Review Manual was not recorded.

{¶10} The Bylaws of Heather Lake Association ("Bylaws") were first recorded on March 30, 2015. The recorded Bylaws are silent on any parking restrictions.

{¶11} From October 2013 through January 2014 appellee sent letters to appellants complaining about parking of vehicles at appellants' residence. Appellants admit their vehicle is a commercial vehicle which is parked on their lot outside the garage multiple days each week.

{¶12} Appellee filed suit on December 23, 2015 seeking injunctive relief against appellants for alleged violations of the Association's parking restrictions. Appellee also sought reasonable costs and attorney fees. Appellants answered on January 27, 2016 and filed an amended answer on February 1, 2016.

{¶13} The parties filed cross-motions for summary judgment. Pursuant to an Entry filed June 2, 2017, the trial court granted appellee's motion for summary judgment and denied appellants' motion for summary judgment. On June 28, 2017, the trial court entered a consent judgment entry awarding reasonable attorney fees and costs against appellants.

{¶14} Appellants now appeal from the trial court's judgment entries of June 2 and June 28, 2017.

{¶15} Appellants raise one assignment of error:

**ASSIGNMENT OF ERROR**

{¶16} "THE DEFENDANTS/APPELLANTS, DAVID AND KIMBERLEE BILLITER ("BILLITERS"), FOR THEIR ASSIGNMENTS OF ERROR, STATE THAT THE ENTRY OF JUNE 2, 2017 ("ENTRY") WHICH WAS MADE INTO A FINAL APPEALABLE ORDER THROUGH THE CONSENT ENTRY OF JUNE 28, 2017 IS ERRONEOUS IN THE FOLLOWING RESPECTS: A) THE TRIAL COURT ERRED IN GRANTING HEATHER LAKE ASSOCIATION'S ("ASSOCIATION") MOTION FOR SUMMARY JUDGMENT.  B) THE TRIAL COURT ERRED IN DENYING THE BILLITERS' MOTION FOR SUMMARY JUDGMENT."  (Parentheses in original.)

**ANALYSIS**

{¶17} Appellants argue the trial court erred in granting appellee's motion for summary judgment and in denying their motion for summary judgment.  We disagree.

{¶18} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides in pertinent part:

> * * * *. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * *. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that

reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * *.

{¶19} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *McPherson v. Total Car Express, Inc.,* 5th Dist. Stark No. 2015CA00081, 2015-Ohio-5251, 54 N.E.3d 713, ¶ 16, citing *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶20} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher,* supra, 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶21} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Cabot 570 Polaris Parkway, L.L.C. v. Carlile, Patchen & Murphy L.L.P.,* 5th Dist. Delaware No. 15 CAE 02 0012, 2015-Ohio-5110, 2015 WL 8483935, ¶ 13, citing *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). We review cases involving a grant of summary judgment using a de novo

standard of review. *Esber Beverage Co. v. Labatt USA Operating Co.,* 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9, citing *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24.

{¶22} Appellants argue the parking restriction contained in the Design Review Manual is unenforceable against them. Restrictive covenants in deeds are generally interpreted by those rules used to interpret contracts. *McBride v. Behrman,* 28 Ohio Misc. 47, 50, 272 N.E.2d 181 (1971). In the case of contracts, deeds, or other written instruments, the construction of the writing is a matter of law which is reviewed de novo. See, *Martin v. Lake Mohawk Property Owner's Ass'n.,* 5th Dist. No. 04 CA 815, 2005–Ohio–7062, ¶ 23, citing *Long Beach Assn., Inc. v. Jones,* 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998). Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.,* 5th Dist. No.2009CA00230, 2010–Ohio–1193, ¶ 6, citing *Children's Medical Center v. Ward,* 87 Ohio App.3d 504, 622 N.E.2d 692 (1993).

{¶23} Ohio's legal system "does not favor restrictions on the use of property." *Driscoll v. Austintown Assoc.,* 42 Ohio St.2d 263, 276, 328 N.E.2d 395 (1975). "The general rule, with respect to construing agreements restricting the use of real estate, is that such agreements are strictly construed against limitations upon such use, and that all doubts should be resolved against a possible construction thereof which would increase the restriction upon the use of such real estate." *Bove v. Geibel,* 169 Ohio St.3d 125, 159 N.E.2d 425 (1959), paragraph one of the syllabus. Furthermore, "[i]f the covenant's language is indefinite, doubtful, and capable of contradictory interpretations, the court must construe the covenant in favor of the free use of land." *Farrell v. Deuble,*

175 Ohio App.3d 646, 2008–Ohio–1124, 888 N.E.2d 514, ¶ 11, citing *Houk v. Ross,* 34 Ohio St.2d 77, 296 N.E.2d 266 (1973), paragraph two of the syllabus.

{¶24} There are five requirements for the creation of an enforceable restriction on the use of land by covenant. *Lipchak v. Chevington Woods Civic Assn., Inc.*, 5th Dist. Fairfield No. 14–CA–40, 2015-Ohio-263, ¶ 33. These requirements are as follows:

> First, the restrictions must be a part of the general subdivision plan, applicable to all lots in the subdivision. Second, lot purchasers must be given adequate notice of the restriction. Third, the restrictions must be in accord with public policy, and they are unenforceable to the extent that they are not. Fourth, the restriction cannot be implied, but must be express. Fifth, the restrictions must run with the land, and therefore must be inserted in the form of covenants in the owner's chain of title. Otherwise, subsequent purchasers are not bound.
>
> *Lipchak v. Chevington Woods Civic Assn., Inc.*, 5th Dist. Fairfield No. 14–CA–40, 2015-Ohio-263, ¶ 33, citing *Dillingham v. Do,* 12th Dist. Butler Nos. CA2002–01–004, CA 2002–01–017, 2002–Ohio–3349, ¶ 12.

{¶25} Appellant argues the parking restriction is not an enforceable restrictive covenant because it arises from an "enabling provision" and the unrecorded Design Review Manual; appellants had no knowledge of any such restriction; and the parking restriction is too vague and ambiguous to be enforced.

{¶26} The Declaration itself creates a general scheme or plan, explicitly stating, "The Declarant desires to create a plan of restrictions, easements, and covenants with respect to the Lots described herein, and establish liens upon the Lots described herein, which shall be binding upon and inure to the benefit of the Declarant, the Association, and all future owners and occupants of the Lots." Appellant's argument, though, is that the "enabling provision" giving rise to the parking restriction is not part of the enforceable restrictive covenant. We note Declaration Article I, Section 2(e), supra, unambiguously grants the Association's Board of Directors the authority to "* * * promulgate regulations restricting the parking of automobiles, inoperable vehicles, trucks, boats, and recreational vehicles on the Lots and Common Areas * * * ."

{¶27} We fail to perceive the ambiguity suggested by appellants. Ordinary rules of contract construction are used to construe a restrictive covenant. *LuMac Dev. Corp. v. Buck Point Ltd. Partnership*, 61 Ohio App.3d 558, 563, 573 N.E.2d 681 (6th Dist.1988). Thus, covenants should be construed consistent with the parties' intent. The first place courts look to determine this intent is the language of the covenant itself. *Woodcreek Assn., Inc. v. Bingle*, 73 Ohio App.3d 506, 509, 597 N.E.2d 1153 (12th Dist.1991). This language should be given its common, ordinary meaning in light of the circumstances surrounding the creation of the covenant. Id*., Benner v. Hammond*, 109 Ohio App.3d 822, 827, 673 N.E.2d 205 (4th Dist.1996).

{¶28} Appellants live in a deed-restricted community. At the time they purchased their lot, they were on notice that the Declaration gave the Board authority to promulgate parking restrictions. Nevertheless, appellants admittedly parked a commercial vehicle at the residence in violation of the restriction. The language of the restriction here is not

"indefinite, doubtful, and capable of contradictory interpretations," despite appellants' attempt to imply ambiguity where none exists.

{¶29} We do not find Declaration Article I, Section 2(e) to be ambiguous; it is evident from the language of the Declaration that the Board had authority to promulgate parking restrictions. See, *Morgan Woods Homeowners' Assn. v. Wills*, 5th Dist. Licking No. 11 CA 57, 2012-Ohio-233, ¶ 43 [it was evident from terms of covenant that design standards would be established "from time to time"]. Appellant argues that the authority to create parking regulations is so open-ended that it is unenforceable, citing *Carranor Woods Property Owners' Ass'n v. Driscoll*, 106 Ohio App. 95, 101, 153 N.E.2d 681, 686 (6th Dist.1957) ["restriction * * * standing alone and devoid of any general plan or scheme is unlimited in its scope and would leave a purchaser of a lot subject to the whim of the developer * * *"]. We find this example to be inapposite to the ability of a homeowners' association to reserve the right to promulgate parking regulations.

{¶30} Appellee (and the trial court) analogized the instant case to that of *Acacia on the Green Condominium Assoc., Inc. v. Gottlieb*, 8th Dist. Cuyahoga No. 92145, 2009-Ohio-4878, in which the owner of a condominium unit ignored a rule requiring unit owners to obtain a permit prior to commencing renovations in their unit. Id., ¶ 4. While *Gottlieb* does not involve a homeowners' association, the case in analogous in that the condominium association had a declaration and bylaws applicable to all condominium owners which allowed the association to promulgate additional rules and regulations. In that case, Gottlieb argued that even if the association had the power to promulgate the rules, those rules did not apply to him because he was not on notice of them. The Court found, however, that Gottlieb had constructive notice of the rules when he purchased the

property because when an association records its declaration, it becomes public record and a purchaser is deemed to have constructive notice of its contents. Id. at ¶ 36, citing *High Point Assn. v. Salvekar*, 8th Dist. Cuyahoga No. 65725, unreported, 1994 WL 326070 (July 7, 1994). The bylaws contained a specific provision allowing the association to create additional rules and regulations.  Id. Gottlieb was on notice that such rules may have existed and had a duty to inquire into their contents.  Id.

{¶31} In the instant case, when appellants purchased their lot, they were on notice that the Declaration gave the Board authority to promulgate parking restrictions. The recorded Declaration, in appellants' chain of title, gave the Board the authority to promulgate such restrictions; appellants were on notice of this authority; and appellants had a duty to inquire into the contents of the parking regulations.  Rather than doing so, they admittedly parked a commercial vehicle on the lot despite "numerous" written demands for compliance.  We disagree that appellants did not have notice of the restriction.

{¶32} The Supreme Court of Ohio has consistently held that "[w]here the language contained in a deed restriction is indefinite, doubtful and capable of contradictory interpretation, that construction must be adopted which least restricts the free use of the land." *Morgan Woods Homeowners' Assn. v. Wills*, 5th Dist. Licking No. 11 CA 57, 2012-Ohio-233, ¶ 42, citing *Houk v. Ross*, 34 Ohio St.2d 77, 296 N.E.2d 266 (1973), paragraph two of the syllabus, overruled on other grounds by *Marshall v. Aaron*, 15 Ohio St.3d 48, 472 N.E.2d 335 (1984). "Where the language in the restriction is clear, the court must enforce the restriction. Otherwise, the court would be rewriting the restriction. * * * The key issue is to determine the intent of the parties as reflected by the

language used in the restriction." Id., citing *Dean v. Nugent Canal Yacht Club, Inc.*, 66 Ohio App.3d 471, 475, 585 N.E.2d 554 (6th Dist.1990). Where the lot owner has notice of such a restriction and it is properly part of a general plan or scheme, the restriction is enforceable. Id., citing *Haller v. Hickory Creek Homeowners Assn.*, 1st Dist. No. C–010332, 2001-Ohio-4032 (Dec. 14, 2001).

{¶33} The parking restriction in this case arises from authority conferred by the Declaration, and the restriction is valid and enforceable.  Further, no factual dispute exists that appellants are in violation of the restriction.

{¶34} While not separately assigned as error, appellants further argue appellees are not entitled to attorney fees pursuant to the terms of the Declaration, of which Article XI, Section 2, "Enforcement," states:

> In addition to any other remedies provided in these Covenants * * * the Association * * * shall have the right to enforce, by any proceeding at law or in equity, all restrictions, covenants, easements, reservations, liens and charges set forth herein * * * *.  Further the Association and each Lot owner shall have rights of action against each other for failure to comply with the provision of the Association Organizational Documents, rules and regulations, and applicable law, and with respect to decisions made pursuant to authority granted thereunder, and the Association shall have the right to assess reasonable charges against a Lot owner who fails to comply with the same, including the right to assess charges for the cost of enforcement and arbitration.

{¶35} Ohio has long adhered to the "American rule" with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation in the absence of a statute or enforceable contract. *Morgan Woods,* supra*,* 2012-Ohio-233 at ¶ 54, citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). In general, "the costs and expenses of litigation * * * are not recoverable in actions for damages, and ordinarily no attorney fees are allowed." Id., citing *Weisel v. Laskovski,* 5th Dist. Stark No. 2004CA00175, 2005–Ohio–1113 and *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009–Ohio–306, 906 N.E.2d 396.

{¶36} Pursuant to Ohio law, contractual provisions awarding attorney fees are enforceable and not void as against public policy so long as the fees awarded are fair, just, and reasonable as determined by the trial court upon full consideration of all the circumstances of the case. *Morgan Woods,* supra*,* 2012-Ohio-233 at ¶ 55, citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 514 N.E.2d 702 (1987); *Gaul v. Olympia Fitness Ctr.*, 88 Ohio App.3d 310, 623 N.E .2d 1281 (1993).

{¶37} Again, in the instant case, we fail to discern ambiguity in the terms of the Declaration.  The attorney fees and costs assessed by the trial court arose from enforcement of the parking restriction.  As the attorney fees incurred by appellee in this case were for the purpose of enforcing the restrictive covenants of the Association, we find that the trial court did not err in finding that appellee was entitled to recover attorney fees.  *Morgan Woods*, supra, 2012-Ohio-233 at ¶ 62.

{¶38} We find no genuine issue as to any material fact and that appellee is entitled to judgment as a matter of law. Reasonable minds can come to but one conclusion and

that conclusion is adverse to appellants.  The trial court did not err in granting appellee's motion for summary judgment and in overruling appellants' motion for summary judgment.

{¶39} The sole assignment of error is overruled.

## CONCLUSION

{¶40} Appellant's sole assignment of error is overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.