902 S.W.2d 591 (1995)
Blanca P. GONZALEZ, Appellant,
v.
ATASCOCITA NORTH COMMUNITY IMPROVEMENT ASSOCIATION, Appellee.
No. 01-92-01160-CV.
Court of Appeals of Texas, Houston (1st Dist.).
April 20, 1995.
Rehearing Overruled May 11, 1995.
*592 Herbert J. Coleman, Houston, for appellant.
Roy D. Hailey, Michael J. Treece, Houston, for appellee.
Before COHEN, WILSON and ANDELL, JJ.

OPINION
ANDELL, Justice.
This is an appeal from a summary judgment in favor of appellee, Atascocita North Community Improvement Association, involving the enforcement of deed restrictions. The Association sued appellant, Blanca P. Gonzalez, for painting her home in colors that allegedly violated deed restrictions. In granting the Association's motion for summary judgment, the trial court required Gonzalez to repaint her home in colors that the Association would approve, and to pay attorney's fees and costs.[1]
In two points of error, Gonzalez challenges the authority of the Association to enforce the deed restrictions and challenges whether the association implicitly approved her paint-color selection. We reverse and remand.
For the Association to obtain a summary judgment, it must show that it is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985). Any issues of material fact will defeat summary judgment. Id. In reviewing summary judgment, this Court must take as true all evidence favoring the non-movant, and must resolve all doubts in her favor. Id.
In her first point of error, Gonzalez asserts the trial court erred in granting summary judgment because the Association did not prove that the Architectural Control Committee had any properly delegated authority to approve or disapprove color choice. Two provisions of the deed restrictions are at issue here:
ARTICLE IV
ARCHITECTURAL CONTROL COMMITTEE

Section 1. Approval of Building Plans. No building shall be erected, placed or altered on any Lot until the construction plans and specifications and a plot plan showing the location of the structure, have been approved in writing as to harmony of exterior design and color with existing structure, as to location with respect to topography and finished ground elevation, and as to compliance with minimum construction standards by ATASCOCITA NORTH, SECTION ONE, Architectural Control Committee, or its designated representative prior to the commencement of construction. The Architectural Control Committee may require the submission of such plans, specifications, and plot plans, together with such other documents as it deems appropriate, in such form and detail as it may elect at its entire discretion. In the event the Architectural Control Committee fails to approve or disapprove such plans and specifications within thirty (30) days after the same are submitted to it and received by its approval will not be required and the requirements of this Section will be deemed to have been fully complied with.
....
Section 5. Term. The duties and powers of the Architectural Control Committee and of the designated representative shall cease on and after ten (10) years from the date of this instrument. Thereafter, the approval described in this covenant shall not be required, and all power vested in said Committee by this covenant shall cease and terminate; PROVIDED, that any time after January 1, 1987, two-thirds (2/3) vote of the members present and voting, the Community Improvement Association may assume the duties and powers of the Architectural Control Committee.
(Emphasis added.)
The Association claims that article IV, section one of the deed restrictions grants the *593 authority to the Architectural Control Committee to approve or disapprove the colors that homeowners may choose to paint the exteriors of their homes.[2] Gonzalez points to section 5, which specifies a term of years for the Architectural Control Committee. By the express terms of the covenant, the Architectural Control Committee lost its power on September 22, 1987, which was 10-years after the covenant was executed. Gonzalez' alleged violation occurred after that date. The Association could have assumed the Committee's power after January 1, 1987, by a two-thirds vote of members present and voting. However, if the Association did not take the proper steps to assume the power of the Committee, it could not bring this action to enforce section 1 against Gonzalez (regardless of whether section 1 applies to paint color choice).
The Association brought forth no summary judgment proof to show that it had properly assumed the Committee's authority. Hence, the Association did not meet its summary judgment burden to prove entitlement to judgment as a matter of law. Summary judgment was, therefore, improper. Nixon, 690 S.W.2d at 548-49.
The Association argues that Gonzalez may not assert this point of error on appeal because she did not raise it in her response to its motion for summary judgment. Such a claim misplaces the burden of proof in a summary judgment proceeding. The burden was not on Gonzalez to show that the Association had no authority. On the contrary, the Association as movant had the burden to prove that there were no genuine issues of material fact regarding its authority to approve or disapprove color choices. The covenant itself, which the Association furnished as its own summary judgment evidence, contains the provision that precludes any presumption that the Association had such authority. The summary judgment evidence contains its own unresolved fact issue.
The Association failed to prove the absence of genuine issues of material fact concerning whether it had properly assumed the authorities of the defunct Committee. Without such authority, the Association could not enforce the restriction that serves as the basis of this cause of action.
We sustain Gonzalez' first point of error. It is unnecessary to address the remaining point of error.
We reverse and remand to the trial court.
WILSON, J., files a dissenting opinion.
WILSON, Justice, dissenting.
Because I believe the majority has misplaced the burden of proof regarding the dispute over appellee's lack of capacity to sue appellant, I respectfully dissent.
The majority decides the appellee did not meet its summary judgment burden by failing to prove it had the authority to sue in the name of the residents of the subdivision after January 1, 1987. Appellant's active pleading in the case, her first amended answer, is not verified, nor does it suggest that appellee lacks the capacity to bring the law suit. Such a challenge to appellee's capacity to sue requires the filing of a verified plea pursuant to Tex.R.Civ.P. 93. Freedman v. Briarcroft Property Owners, Inc., 776 S.W.2d 212, 215 (TEX.APP.Houston [14th Dist.] 1989, writ denied). Furthermore, appellant did not make capacity an issue before the trial court by any summary judgment proof.
Notwithstanding the gap in appellee's proof, I do not believe the issue of capacity can be ignored in the trial court and only raised for the first time after judgment. Therefore, I dissent.
NOTES
[1] In addition to this relief, the Association had sought penalties of $200.00 per day.
[2] In the trial court, Gonzalez argued that this section does not apply to homeowners repainting their homes. However, she does not assign a point of error to this argument and has, therefore, waived this issue on appeal.