OPINION
{¶ 1} Appellants, Gary Garvin and Lou Ann Garvin ("Garvins"), appeal from a judgment entry by the Lake County Court of Common Pleas granting appellees' Geoffrey R. Cull and Vicki A. Cull ("Culls"), motion for partial summary judgment.
 {¶ 2} The relevant facts are as follows. The Culls and Garvins own neighboring property in Shiloh Park Subdivision ("Subdivision"), located in Mentor, Ohio. On July 1, 2004, the Culls applied to the City of Mentor Building Department for a permit to build a privacy fence along the boundary between their property and the Garvins'. The Culls proposed constructing the fence at a height of six feet for a distance of 87 feet from the rear property line and then lowering the fence to a height of four feet for another 68 feet from the front corner of the home to the front yard sidewalk. The permit was granted on July 6, 2004 and the fence installed.
 {¶ 3} On September 28, 2004, the Garvins filed a Complaint against the Culls seeking, in relevant part to this appeal, to enforce a deed restriction relating to fences, imposed on all lots in the Subdivision.[1] It is undisputed between the parties that the developers of the Subdivision, Birchfield Homes, Inc. ("Birchfield") formulated deed restrictions for the entire subdivision and established a Subdivision Homeowner's Association ("Association").
 {¶ 4} The relevant provisions of the Declaration of Restrictions for the Subdivision, recorded in 1984, are as follows:
 {¶ 5} "Article V Architectural Control"
 {¶ 6} "[n]o building, fence, wall, or other structure shall be commenced, erected or maintained * * * until the plans and specifications showing the nature, kind, shape, height, materials, and location * * * shall have been submitted to and approved in writing as to harmony * * * by the Board of Trustees of the Association, or by an architectural committee composed of three (3) or more representatives appointed by the Board. In the event said Board, or its designated committee, fails to approve or disapprove such design and location within thirty (30) days after said plans and specifications have been submitted to it, approval will not be required and this Article will be deemed to have been fully complied with."
 {¶ 7} "Article VI General Provisions Enforcement"
 {¶ 8} "The Association, or any owner, shall have the right to enforce * * * all restrictions * * * [.]"
 {¶ 9} Exhibit E of the deed restrictions contains the following relevant provisions:
 {¶ 10} "* * * No portion of the premises nearer to the street * * * than the building setback line shall be used for any purpose other than that of maintaining a lawn, * * * and no fence shall be placed upon such portion of the premises without the consent of the Grantors [Birchfield] * * *.
 {¶ 11} "After July 1, 2004, the rights, duties, and privileges of the Grantors [Birchfield] herein, if no longer owners of any sublot herein, shall be enjoyed by a committee of three members elected by a majority of the owners * * *."
 {¶ 12} In their Complaint, the Garvins asserted standing as property owners to enforce the deed restrictions and alleged that the Culls did not obtain their permission or permission from the Association to construct the fence as required in the deed restrictions.
 {¶ 13} On April 4, 2005, the Culls filed a motion, brief and supporting affidavits for partial summary judgment alleging no genuine issue of material fact existed on the issues of the enforceability of the deed restrictions, the Garvins' standing to enforce the Mentor Code of Ordinances, or that the Garvins were not entitled to injunctive relief for removal of the fence. The Garvins submitted a brief in opposition with supporting affidavits on April 18, 2005. On April 25, 2005, the Culls filed a reply brief. On May 5, 2005, the trial court granted the Culls' motion for partial summary judgment.
 {¶ 14} In its judgment entry, the court stated: "* * * the court finds as a matter of law, that: (1) with respect to the [Culls'] fence, the deed restrictions that required prior approval of fences by the homeowners' association or its architectural committee are unenforceable against the [Culls]; (2) [the Culls] are not in violation of the Ordinances of the City of Mentor with respect to their fence because they obtained a permit from the City of Mentor for the construction of the fence; and (3) [the Garvins] are not entitled to injunctive relief with respect to removal of the fence on [the Culls'] property."[2] It is from this judgment that Garvins have filed a timely notice of appeal and assert the following sole assignment of error:
 {¶ 15} "The trial court erred when it ruled that [the Culls] erecting a fence in front of the building set back line of [the Culls'] house did not violate the subdivision's private deed restriction."[3]
 {¶ 16} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St. 3d 102, 105, 1996-Ohio-336. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party who is entitled to have the evidence construed most strongly in her favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc.,67 Ohio St.3d 266, 268, 1993-Ohio-12. The moving party bears the burden of showing there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. See,Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 17} In their assignment of error, the Garvins raise a number of interrelated issues based upon uncontroverted evidence. It is undisputed that the parties' deeds of conveyance make reference to the subdivision's declaration of covenants, conditions, and restrictions and that the Association was duly created by Birchfield in 1984. It is further undisputed by the parties that the Association, and its status as a nonprofit corporation, was "cancelled" by the State of Ohio in September, 1986, and no statements of continued existence have been filed since that time. There is no longer any Association or board or committee otherwise operating in the Subdivision. Further, Birchfield was the original grantor of the deed restrictions and is no longer an owner and developer for the twenty-two year old subdivision and no successor committee to exercise their rights was created by the home owners. Thus, there was no Association, or any approval committee, in existence or otherwise operating, at the time the subject fence was erected in July 2004. It follows that there was no entity that the Culls could apply to for approval of the fence.
 {¶ 18} The Garvins first assert that in the absence of any approval entity, the fence is prohibited as a matter of law. We disagree.
 {¶ 19} It is well established in Ohio that restrictions on the use of property are generally not favored. Driscoll v.Austintown Associates (1975), 42 Ohio St. 2d 263, 276; W.A.E.Corp. v. Fellenger, 11th Dist. No. 2776, 1980 Ohio App. LEXIS 13334, at 3. While a court has the authority to interpret the language of a restrictive covenant to determine the intent of the drafters, it cannot rewrite a covenant to create new restrictions. Driscoll at 277. Pursuant to Driscoll, the language in these deed restrictions must be strictly construed against the limitations which they impose. See, also, Barbato v.Shundry, 5th Dist. No CA-8451, 1991 Ohio App. Lexis 2973, at 4. In Barbato, the property owner attempted to prohibit neighbors from building a detached garage on their property pursuant to a restrictive covenant which required approval from a corporation which was then defunct. Id. at 13. The Fifth District held that a property owner could not unilaterally and arbitrarily assume that authority. Id. at 15.
 {¶ 20} Initially, we note that this case is distinguishable from cases where an adjoining landowner in a subdivision seeks injunctive relief against an activity by a property owner which is prohibited pursuant to a deed restriction. Here, the deed restrictions set forth that: "* * * no fence shall be placed [in front of the building line setback] without the consent of the [g]rantors [Birchfield]." The declaration of covenants, conditions, and restrictions of the Subdivision relating to the construction of all fences, states they require the "approval by the [board] or by an architectural review committee." The deed restrictions do not prohibit fences in front yard areas. Instead, the language of the deed restrictions permits fences, but sets forth a procedure for consent and approval of the plans by the board or other committee(s). Thus, the Garvins' argument is not well-taken.
 {¶ 21} Next, the Garvins argue that the deed restrictions can be enforced as prohibiting fences, because evidence was produced that the Culls' property is part of a residential scheme of development and general plan to prohibit front yard fences. Restrictive covenants, like other efforts to restrict land use, are generally viewed with disfavor, but this disfavor can be overcome by evidence establishing the existence of a general plan or scheme. Bailey Development Corp. v. MacKinnon-Parker, Inc.
(1977), 60 Ohio App. 2d 307, paragraph one of the syllabus. Plans which are dedicated to maintaining the harmony and aesthetic quality of a community have been upheld when they are reasonably exercised. Beckett Ridge Assn.-I, v. Agne (1985),26 Ohio App. 3d 74, 76, citing Prestwick Landowners' Assn. v. Underhill
(1980), 69 Ohio App. 2d 45.
 {¶ 22} In the case at bar, the evidence is undisputed that, except for the Culls' lot, there are no fences in the front yards of any of the homes in the subdivision. Thus, the Garvins contend that the absence of front yard fences establishes that the deed restrictions relating to fences were part of a general plan or scheme to enhance the aesthetic character of the community. The Garvins cite to Bailey and Prestwick, supra, in support of this argument. Unlike the case at bar, in those cases, there was an operating Association or architectural committee in existence to which the property owners could or did apply for approval. Here, we conclude that the general plan regarding fence regulation that was arguably once in effect has collapsed because there is no entity available to reasonably exercise the authority to disapprove of the proposed fence.
 {¶ 23} Finally, the Garvins assert that the fact that they own property in the subdivision, gives them standing to enforce the deed restrictions. We agree that if the deed restrictions are enforceable, then property owners such as the Garvins could enforce the restrictions. Wallace v. The Clifton Land Co.
(1915), 92 Ohio St. 349, paragraph one of the; Ormond v.Rollingbrook Estates Homeowners Assn., 8th Dist. No. 76482, 2000 Ohio App. LEXIS 5731, at 10; Catawba Orchard Beach Assn., Inc.v. Basinger (1996), 115 Ohio App. 3d 402, 407; Devendorf v.Akbar Petroleum Corp. (1989), 62 Ohio App. 3d 842, 845 (an owner of a lot subject to deed restrictions may maintain an action to enforce the same restrictions imposed upon other lots by a common grantor.) However, as the Fifth District reasoned in Barbato,
at 4-5, "the restrictions are not enforceable because the rejection procedure no longer exists. A property owner cannot unilaterally and arbitrarily assume that authority, however capable he is of enforcing a clear cut restriction that requires no aesthetic or other judgment." See, also, Chestnut RidgeHomeowners Assn. v. Lasker, 1993 Conn. Super. LEXIS 2123;Gonzalez v. Atascocita N. Community Improvement Assn. (Tex.App. 1995), 902 S.W.2d 591. Nothing in the deed restrictions gives the Garvins authority to act as the board, or architectural committee, or as a successor committee to the grantors, Birchfield, to review plans for approval and consent to the erection of fences in the Subdivision.
 {¶ 24} Upon considering all of the evidence and construing it most strongly in appellant's favor, we conclude that no genuine issue of material fact exists as to whether the deed restrictions regarding fence construction were unenforceable. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 25} The judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Rice, concur.
[1] The Complaint set forth two additional counts: violation of the City of Mentor's ordinances as nuisance, and trespass and nuisance, which are not the subject of this appeal.
[2] The Garvins and the Culls entered into a stipulated injunctive order and dismissal for the remaining counts based upon trespass and nuisance, in order to expedite this appeal as a final appealable order.
[3] The Garvins essentially appealed the trial court's decision granting partial summary judgment that the deed restrictions are unenforceable against the Culls as to the four foot high section of the fence, extending 68 feet into the front yard building set back.