[Cite as *Keltz v. Enchanted Hills Community Assn.*, 2014-Ohio-866.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| JUDY KELTZ, ET AL., | : | Case No. 12CA16 |
| Plaintiffs-Appellees, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ENCHANTED HILLS COMMUNITY ASSOCIATION | : | |
| | : | |
| Defendant-Appellant, | : | |
| AND | : | |
| | : | **RELEASED: 2/28/14** |
| BETTY L. CLARK, | : | |
| Intervening Defendant-Appellee. | : | |

_____

APPEARANCES:

Kathryn Hapner, Hillsboro, Ohio, for appellant.

Lee D. Koogler, Hillsboro, Ohio, for appellees.
_____

Harsha, J.

{¶1}    The Highland County Court of Common Pleas granted declaratory relief to appellees, who are certain residents of the planned community Enchanted Hills, against their owners association, Enchanted Hills Community Association.  The trial court determined that absent a valid amendment to the planned community's declaration of covenants and restrictions, the association lacked authority to impose dues and assessments beyond those listed in the amended declaration.

{¶2}    The association claims that the trial court erred in ruling that it could charge members fees only pursuant to the declaration of covenants and restrictions and not pursuant to the bylaws.  We reject this claim because R.C. 5312.10(C) forbids

assessments for a planned community's common expenses unless the declaration provides for or contemplates the charging of these assessments, and it prohibits the board of directors of the association from increasing an assessment unless the owners properly amend the declaration. The declaration did not provide for or contemplate the charging of assessments in addition to the annual maintenance charges specified. Nor did the required percentage of lot owners approve an amendment to authorize the association to charge such additional dues and assessments.

{¶3}    Therefore, we affirm the judgment granting the residents declaratory relief.

## I.  FACTS

{¶4}    The Enchanted Hills planned community consists of lots in the Enchanted Hills and Rocky Fork Point subdivisions of Paint Township, Highland County, Ohio. In 1969, the owners of the subdivisions filed declarations of the covenants and restrictions,[1] which authorized the creation of the association, subjected lot owners to an annual maintenance charge of $15 for the first lot and $5 for each additional lot they owned, and specified that a written instrument signed by the owners of 60% of the lots in the community was required to amend the declaration. The declaration reads:

> \*\*\*
>
> 10. An "Enchanted Hills Community Association" is hereby authorized to be created at any future date by the owners of a majority of the lots in said plat. The owner or owners of each Enchanted Hills lot or Enchanted Hills campsite lot shall be entitled to one voting membership in said association. The purpose of the association shall be for the upkeep, promotion, and maintenance of said plat, and it may promulgate rules from

---

[1] Interestingly, in Kuehnle and Levey, Ohio Real Estate Law, Section 28.3 et seq. (2013), the authors suggest that prior to the enactment of Planned Communities Act, Ch. 5312 of the Revised Code, effective September 1, 2010, there was no statutory provision for the recording of these documents in the context of a planned community. Apparently the practice carried over from statutes relating to condominiums. Because neither party addresses the issue of the impact of unauthorized recording, neither do we.

time to time for the betterment of the community.  The association when formed shall be a corporate entity.

11.  Every lot owner of record shall be subject to an annual maintenance charge of fifteen dollars ($15.00) for the first lot and five dollars ($5.00) for each additional lot shown of record in the same name or names.  This money will be paid to the Enchanted Hills Community association on or before the tenth day of April of each year after said association has been duly formed, except as provided in paragraph 12, and shall continue to be payable to such association until said association by proper proceedings, shall reduce or abolish the same.  Said fund is to be used for the upkeep, promotion, and maintaining of the best interests of said plat, particularly streets, boat landings, picnic areas, beach areas, areas set aside for community use, club house facilities, and community sanitary and water facilities, and for such other purposes that may be in keeping with the general upkeep and maintenance of Enchanted Hills. Such maintenance fee thus imposed shall be and constitute a lien on each and every lot, inferior only to taxes, assessments and bonafide mortgages thereon, and the lien of such maintenance fee shall be enforceable in the same manner as provided in the statute for enforcement of a mechanics lien.

* * *

19.  These restrictions and covenants may be amended or rescinded by written instrument signed by the then owners of sixty (60%) of the lots of this plat, which instrument of amendment or rescision shall be filed or recorded in the office of the Recorder of Highland County, Ohio.

{¶5}  In 1970, the association was incorporated, and its articles of incorporation and bylaws were filed with the Secretary of State of Ohio.  In its bylaws, the association provided that its board of trustees could establish membership dues and assessments in addition to the annual maintenance charges specified in the planned community's declaration of covenants and restrictions:

Section 4.  Membership Dues, Maintenance Charges and Assessments. For each lot in said subdivision, every lot owner of record and/or every lot owner contracting with Americana Land Corporation shall pay to the corporation on or before the 10th day of April each year an annual maintenance charge of Fifteen Dollars ($15.00) for the first lot and Five Dollars ($5.00) for each additional lot shown of record and/or contract in the same name or names.  In addition thereto, membership dues and assessments may be established by the board of trustees from time to

time and payable by the members of the corporation at such time as may be determined by the board of trustees.

{¶6}   In a 1972 agreement filed for record in 1973, more than 65% of the association members amended the declaration of covenants and restrictions to increase the annual maintenance fee to $25 for the first lot and $5 for each additional lot:

> 1.  Paragraph 11 of Enchanted Hills Restrictions set forth on page 925 of Volume 279 of the Deed records of Highland County, Ohio, shall be amended by increasing the annual maintenance charge of Fifteen Dollars ($15.00) set forth in said original restrictions to Twenty-Five Dollars ($25.00) for the first lot and Five Dollars ($5.00) for each additional lot shown of record in the same name or names.

{¶7}   Notwithstanding the fact that assessments were limited to the annual maintenance charges specified in the amended declaration of covenants and restrictions, the association charged lot owners additional assessments throughout the years.  The association based its authority to do so on its bylaws.  These charges were used for the planned community's common expenses.  Attempts by the association to amend the declaration of covenants and restrictions to increase the fees charged to lot owners failed because of insufficient support.

{¶8}   One of the lot owners, Betty L. Clark, filed a case against the association in the common pleas court.  That case was settled, and the parties agreed that all amendments or documents that purported to amend the covenants of the planned community after the one recorded in 1973 were deemed to be null and of no further force and effect.

{¶9}   Subsequently, in June 2011, certain lot owners in the planned community filed a complaint in the common pleas court seeking a declaratory judgment that they were charged dues and assessments exceeding the applicable declaration amount of

$25 for the first lot and $5 for each additional lot and were due a refund of overpayments made to the association.  Clark intervened as an additional defendant and filed a cross-claim against the association.

{¶10}  Following a hearing and the submission of briefs, the trial court entered a judgment declaring that the case is governed by R.C. Chapter 5312 and that the association could not increase any assessment for common expenses beyond the amounts specified in the amended declaration of covenants and restrictions.  The trial court entered judgment in favor of those appellees it determined had submitted evidence of the amounts they paid in excess of the annual maintenance fee authorized by the amended declaration.

{¶11}  The association appealed from this judgment.

## II. ASSIGNMENT OF ERROR

{¶12}  The association assigns the following error for our review:

I.  THE TRIAL COURT ERRED IN RULING THAT DEFENDANT-APPELLANT MAY ONLY CHARGE MEMBERS FEES PURSUANT TO THE COVENANTS AND RESTRICTIONS AND NOT PURSUANT TO THE BY-LAWS.

## III. STANDARD OF REVIEW

{¶13}  Although the general standard of review in declaratory judgment cases is abuse of discretion, the trial court's resolution of purely legal issues in the context of a declaratory judgment case is reviewed de novo.  *In re Arnott*, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶ 19, 41-42 (4th Dist.), construing *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142.  This case involves the resolution of legal issues, including the construction of the planned community's amended declaration of covenants and restrictions.  *See O'Bannon*

*Meadows Homeowners Assn., Inc. v. O'Bannon Properties*, 12th Dist. Clermont No. CA2012-10-073, 2013-Ohio-2395, ¶ 19 (holding that the interpretation of a subdivision's declaration of covenants, conditions, restrictions, and reservation of easements is "a matter of law").  Therefore, we review these matters de novo.

## IV. LAW AND ANALYSIS

{¶14}  In its sole assignment of error, the association asserts that the trial court erred in ruling that it may charge members fees only pursuant to the planned community's amended declaration of covenants and restrictions, when its bylaws authorized the additional assessments.

{¶15}  In 2010, the General Assembly enacted the Ohio Planned Community Law in R.C. Chapter 5312.  2010 Am.Sub.S.B. No. 187.  The act is applicable to all non-condominium planned communities in Ohio, whether these communities were established before or after its enactment.  Kuehnle and Levey, *Ohio Real Estate Law*, Section 28:5 (2013); R.C. 5312.02(A) ("Any planned community in this state is subject to this chapter").  As the association admits, Enchanted Hills is a planned community subject to R.C. Chapter 5312.  *See* R.C. 5312.01(M)(1) (defining "planned community" to include a "community comprised of individual lots for which a deed, common plan, or declaration requires * * * [t]hat owners become members of an owners association that governs the community").

{¶16}  "In accordance with its declaration, all costs the owners association incurs in the administration, governance, and maintenance of a planned community are common expenses."  R.C. 5312.10(A)(1).  Under R.C. 5312.10(C)(1), the association's board "may not charge assessments for common expenses unless the declaration

provides for or contemplates the charging of such assessments." The Enchanted Hills declaration, as amended, specified only one assessment for common expenses—the annual maintenance charge of $25 for the first lot owned and $5 for each additional lot owned. And although the original and amended declarations also authorized the creation of the association and enabled it to "promulgate rules for the betterment of the community," they contained no language authorizing or even suggesting that the association was empowered to charge additional assessments.

{¶17} Under R.C. 5312.10(C)(2), "[t]he board may not increase any assessment for common expenses when the declaration limits the amount of such assessments unless the owners amend the declaration as provided in division (A) of section 5312.05 of the Revised Code to allow the increased amount." *See* R.C. 5312.05(A) ("Unless otherwise specified in the declaration or bylaws, the owners may amend the declaration and bylaws by the consent of seventy-five per cent of the owners, either in writing or in a meeting called for that purpose"). The declaration of covenants and restrictions required a written instrument signed by the owners of 60% of the lots in the planned community to amend the declaration to increase the maintenance fee. After the amended declaration in1972 increased the maintenance fee from $15 for the first lot to $25, no further attempt by the association to increase the maintenance fee or impose other assessments or dues was adopted by the requisite number of lot owners.

{¶18} However, the association also cites R.C. 5312.02(C) to support its imposition of additional assessments pursuant to its bylaws. Under this provision, "[n]othing in this chapter invalidates any provision of a document that governs a planned community if that provision was in the document at the time the document was recorded

and the document was recorded prior to the original effective date of this chapter." The association suggests that because its bylaws authorizing assessments in addition to the annual maintenance fee specified in the declaration were recorded in 1970 before the 2010 enactment of the Planned Community Law, they survived under this "grandfather" clause.

{¶19} However, those provisions of the bylaws concerning additional assessments were not authorized by either the original or the amended declaration. That is, where an association created before the Planned Community Act adopts bylaws that expand its authority beyond that granted by the declaration, the bylaws are ineffective. *See* Kuehnle and Levey, *Ohio Real Estate Law*, at Section 28:5, citing *Cianciola v. Johnson's Island Property Owner's Assn.*, 2012-Ohio-5261, 981 N.E.2d 311 (6th Dist.). Even if the association could reasonably argue that it has discretion to enforce a clearly applicable restriction, e.g., the annual maintenance fee, neither the original nor the amended declaration confers discretion on the association "to unilaterally create restrictions where none exist." *See Woodcreek Assn., Inc. v. Bingle*, 73 Ohio App.3d 506, 509, 597 N.E.2d 1153 (12th Dist.1991). The declaration does not authorize the association to create new assessments or increase the maintenance fee specified in the absence of a proper amendment to the declaration. In fact, the plain language of the declaration specifies that the association "by proper proceedings," may only "reduce or abolish" the maintenance fee, not increase it or levy new assessments.

{¶20} The association is not exercising a power authorized by the declarations; rather it is attempting to expand the scope of its power beyond that granted by the declaration. Notwithstanding R.C. 5312.10(C), the bylaws are not a restrictive

covenant, nor are they incorporated into the declaration. Rather, they are merely a document governing the affairs of the association. *See Cianciola* at ¶ 18-25.

{¶21} Although the association includes an argument repeated from its trial court brief concerning the amount of the overpayments claimed by certain of the appellees, it does not specifically challenge the trial court's refund order for some of the appellees in its specified assignment of error. Nor does the association base its argument on the trial court's ultimate refund order. Under these circumstances, we need not address the association's ambiguous assertion. *See State v. Gwinn*, 196 Ohio St.3d 296, 2011-Ohio-5457, 963 N.E.2d 212, ¶ 26 (4th Dist.) ("Appellate courts review assignments of error, not mere arguments").

{¶22} Finally, the association argues that affirming the trial court's judgment will eliminate its existence because it will not be able to charge fees that exceed the maintenance fee specified in the amended declaration. It claims that "[o]ut of the more than 600 lots that fall within the Association, only a handful, the [appellees] herein, complain of the dues and assessments charged by [the association], yet all lot owners will suffer if [appellees] prevail." Yet despite this claim that only a handful of lot owners contest the unauthorized charges, the association further argues that it cannot amend the declaration because "[i]t would be nearly impossible to get 60% of lot owners to agree on anything." This latter claim is refuted by its first contention that only a few lot owners object to the additional fees and by the association's 1972 amendment of the declaration by more than the requisite percentage of lot owners to increase the annual maintenance fee. Notwithstanding these policy arguments, the association cannot charge or increase assessments beyond the authority specified in the amended

declaration as recognized by the General Assembly in enacting the Planned Community

Law.  *See* R.C. 5312.10(C); *State ex rel. Ross v. Crawford Cty. Bd. of Elections*, 125

Ohio St.3d 438, 2010-Ohio-2167, 928 N.E.2d 1082, ¶ 31 (policy considerations may not

override valid legislative enactments)

**{¶23}**  Therefore, the trial court did not err in determining that the association was

not authorized to charge lot owners additional assessments not specified in or

contemplated by the amended declaration.  We overrule the association's sole

assignment of error.

## V.  CONCLUSION

**{¶24}**  Having overruled the association's assignment of error, we affirm the

judgment of the court of common pleas.

JUDGMENT AFFIRMED.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
        William H. Harsha, Judge




## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**