[Cite as *Lipchak v. Chevington Woods Civic Assn., Inc.*, 2015-Ohio-263.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| MELISSA R. LIPCHAK, ET AL | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellants | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 14-CA-40 |
| CHEVINGTON WOODS CIVIC | : | |
| ASSOCIATION, INC., ET AL | : | |
| | : | O P I N I O N |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:    Civil Appeal from the Fairfield County Court
of Common Pleas, Case No. 2011 CV 881

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 20, 2015

APPEARANCES:

For Plaintiffs-Appellants

MELISSA R. LIPCHAK
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068

GAIL M. ZALIMENI
P.O. Box 223
Albany, OH 45710

For Defendants-Appellees

R. GARY WINTERS
IAN R. SMITH
632 Vine Street, Ste. 900
Cincinnati, OH 45202

TIMOTHY R. RANKIN
266 North Fourth Street, Suite 100
Columbus, OH 43215

*Gwin, J.,*

{¶1} On May 13, 1996, appellants Melissa Lipchak ("Lipchak") and Oron Schuss ("Schuss") purchased a home in a subdivision known as Chevington Woods North, Section 2 ("Section 2"). On September 2, 2011, appellants filed a declaratory judgment action seeking a declaration that they were not required to be members of the homeowner's association, appellee Chevington Woods Civic Association, Inc. ("Association"). On November 1, 2011, the Association filed an answer and counterclaim, seeking unpaid dues, interest, attorney fees, and costs. On September 14, 2012, appellants amended their complaint to add a claim against the Association for defamation. On November 21, 2012, the trial court granted appellee's motion to dismiss appellants' defamation claim.

{¶2} Both parties filed motions for summary judgment, which the trial court initially denied on February 12, 2013. On April 10, 2013, the trial court granted appellants' motion to file a second amended complaint over appellee's objection. Appellants filed their amended complaint on April 19, 2013, which added all of the other homeowners residing in Section 2 as defendants. The Association filed an answer and amended counterclaim on May 3, 2013. The parties again filed motions for summary judgment in December of 2013 and January of 2014.

{¶3} On January 13, 2014, appellants filed a new action asserting a Marketable Title Act theory of recovery and filed a motion to stay this case pending resolution of the new action. On January 30, 2014, the trial court denied appellants' motion to stay this case pending resolution of the newly-filed case. On February 6, 2014, appellants voluntarily dismissed the new action. On February 10, 2014, appellants filed a motion

to amend the complaint in the instant case for a third time in order to include a Marketable Title Act theory of recovery.

{¶4} In a judgment entry filed on March 5, 2014, the trial court denied appellants' motion for summary judgment and granted summary judgment to appellee on its counterclaim and on appellants' complaint. A damages hearing on counterclaim damages was held on April 25, 2014. On May 14, 2014, the trial court awarded appellee $8,185.74 in damages for unpaid dues, filing fees, and attorney fees.

{¶5} Appellants appeal the judgment entries of the Fairfield County Court of Common Pleas and assign the following as error:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE CWCA'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT BY CONCLUDING, AS A MATTER OF LAW, THAT APPELLANTS WERE REQUIRED TO BE MEMBERS OF CWCA.

{¶7} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT BY CONCLUDING, AS A MATTER OF LAW, THAT THE DEED TO NORTH 2 SHOULD BE REFORMED WHEN DEFENDANT-APPELLEE DID NOT PROVE THAT IT WAS ENTITLED TO REFORMATION BY CLEAR AND CONVINCING EVIDENCE.

{¶8} "III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANTS' MOTION FOR SUMMARY JUDGMENT BY CONCLUDING, AS A MATTER OF LAW, THAT DEFENDANT-APPELLEE HAS VALID BYLAWS.

{¶9} "IV. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANTS' MOTION FOR SUMMARY JUDGMENT BY CONCLUDING, AS A MATTER OF LAW, THAT PLAINTIFFS-APPELLANTS ARE REQUIRED TO PAY ANY DUES OR SPECIAL ASSESSMENTS TO DEFENDANT UNDER THE BYLAWS.

{¶10} "V. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANTS' MOTION FOR SUMMARY JUDGMENT BY CONCLUDING, AS A MATTER OF LAW, THAT PLAINTIFFS-APPELLANTS ARE REQUIRED TO PAY THE $30.00.  PLAINTIFFS-APPELLANTS ARE NOT REQUIRED TO PAY ANY SPECIAL ASSESSMENTS AS THE BYLAWS WERE NOT PROPERLY AMENDED IN OCTOBER OF 2007.

{¶11} "VI. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANTS' MOTION FOR SUMMARY JUDGMENT BY CONCLUDING, AS A MATTER OF LAW, THAT PLAINTIFFS-APPELLANTS ARE REQUIRED TO PAY THE $30.00 SPECIAL ASSESSMENT AFTER 2010.

{¶12} "VII. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFFS-APPELLANTS' MOTION FOR LEAVE, IN THE ALTERNATIVE, TO FILE A SUPPLEMENTAL COMPLAINT, LEAVE TO FILE A THIRD AMENDED COMPLAINT, TO AMEND PLAINTIFFS' REPLY TO COUNTERCLAIM, OR TO HAVE A DETERMINATION MADE THAT THE PLEADINGS IN THIS MATTER ARE FAIR NOTICE OF A CLAIM UNDER THE MARKETABLE TITLE ACT.

{¶13} "VIII. THE TRIAL COURT ERRED IN AWARDING DAMAGES, ATTORNEY FEES, COSTS, AND INTEREST TO DEFENDANT-APPELLEE.

{¶14} "IX. THE TRIAL COURT ERRED IN DISMISSING ALL DEFENDANTS ON THE BASIS THAT THE ISSUES AGAINST THEM WERE MOOT.

{¶15} "X. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT ALL HOMEOWNERS IN NORTH 2 SHOULD BE JOINED AS PARTIES."

{¶16} This matter is before this Court for review on a summary judgment decision. The trial court found in favor of the Association on its counterclaim and on appellants' second amended complaint. The second amended complaint filed April 19, 2013, prayed for declaratory judgment as follows:

> **WHEREFORE,** Plaintiffs, Melissa R. Lipchak and Oron E. Schuss, respectfully request that a Declaratory Judgment be entered that the lot owners of the subdivision, Chevington Woods North, Section No. 2, are not required to be members of the Chevington Woods Civic Association, Inc., a nonprofit corporation.
>
> In the alternative, Plaintiffs, for their Second Claim, respectfully request that a Declaratory Judgment be entered declaring that a property owner agrees to and shall be a member of and be subject to the obligations and duly enacted by-laws and rules of the Chevington Civic Association, a nonprofit corporation and/or Chevington Woods Civic Association, Inc., a nonprofit corporation, be found to have been waived and/or abandoned and unenforceable and Plaintiffs are not required to be members;

Further, Plaintiffs, Oron E. Schuss and Melissa R. Lipchak, also respectfully request that this Court enter judgment for them against Defendant, Chevington Woods Civic Association, Inc., for their costs, expenses, and attorney fees incurred herein.

{¶17} The Association's amended counterclaim filed May 3, 2013, was a claim for unjust enrichment and monetary damages for past and present membership dues, pre- and post-judgment interest, costs, expenses, and attorney fees pursuant to R.C. 5312.13.

{¶18} Although appellants list ten assignments of error, we find they can be resolved in five collective discussions of the facts and law sub judice.

{¶19} This matter was heard under a summary judgment standard with the parties arguing no genuine issues of material fact existed and they were entitled to judgment as a matter of law. Only Assignment of Error VIII involves issues of fact, i.e., damages claimed, but, at the damages hearing, appellants did not object to the damages testimony nor object to the matter being tried to the court.

{¶20} Summary judgment motions are to be resolved in light of the dictates of Civil Rule 56. Civil Rule 56 was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 1996-Ohio-211, 663 N.E.2d 639:

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly

in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Id.*, citing *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

{¶21} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

### I., II., III., IV., V., VI.

{¶22} Appellants claim the trial court erred in granting summary judgment to the Association and erred in denying their request for declaratory relief. Appellants contend the trial court erred in finding they were required to be members of the Association, and finding they were subject to the dues and special assessment provisions of the bylaws and regulations of the Association.

{¶23} The parties agree to the material facts and the documents (deeds) presented. There are three separately plated developments bearing the titles of Chevington Woods, Chevington Woods North, and Chevington Woods North, Section 2.

{¶24} Lots 1 through 159 located in Chevington Woods were deeded via quit-claim deed from George Ankney, Jr. to C&G Development, Inc. on June 25, 1968, recorded on June 26, 1968. The deed contained covenants which the grantee could modify, but did not contain any mention of a homeowner's association. On December 11, 1971, C&G Development, Inc. modified the covenants to provide for a homeowner's association listed as "Chevington Woods Civic Association."

{¶25} Lots 1 thorough 98 located in Chevington Woods North were deeded via quit-claim deed from Mildred Fishbaugh, Trustee to C&G Development, Inc. on March 1, 1972, recorded on March 2, 1972. The deed contained covenants which the grantee could modify, and included a homeowner's association listed as "Chevington Woods North Civic Association."

{¶26} Appellants own Lot Number 128 in Section 2 and took title in 1996. This lot was part of a group of lots (numbers 99 through 226) deeded via warranty deed from Mildred Fishbaugh, Trustee to C&G Development, Inc. on December 7, 1972, recorded on December 8, 1972. The deed contained covenants which the grantee could modify, and included a homeowner's association listed as "Chevington Civic Association."

{¶27} On March 8, 1973, C&G Development, Inc. modified the homeowner's association name in Chevington Woods North to "Chevington Woods Civic Association, Inc." and included all the lot owners in the Chevington Woods subdivision. Also on March 8, 1973, C&G Development, Inc. modified the homeowner's association name in Chevington Woods to "Chevington Woods Civic Association, Inc.," and included all the lot owners in the Chevington Woods North subdivision.

{¶28} The Articles of Incorporation for "Chevington Woods Civic Association, Inc." were filed on March 1, 1973. At the time, there were no lot owners in Section 2. Although the Articles of Incorporation were cancelled by the Secretary of State on June 24, 1991, they were reinstated on November 13, 2002.

{¶29} In the transfer of appellants' lot, Lot 128 in Section 2, their survivorship deed from Gary and Peggy Garrett identifies the property "as the same numbered and delineated upon the recorded plat thereof, of record in Plat Book 10, page 61,

Recorder's Office, Fairfield County, Ohio."  The survivorship deed was recorded on June 6, 1996, and there are no references to deed covenants/restrictions.

{¶30}  The current bylaws of the Association provide in part: "Membership in this Association is assumed by the land owner(s) of each improved lot in Chevington Woods Subdivision.  Improved lot defines a lot on which has been construed a single family residence." We note the bylaws are in compliance with R.C. Chapter 5312, et seq.

{¶31}  It is the Association's position that the omission of the word "Woods" in the December 1972 covenants for Section 2 was a scrivener's error and should be corrected because of the passage of forty years, the uniformity among the deeds for the subdivisions, the understanding of all the residents in each of the three subdivisions, and the origin form a single grantor, C&G Development, Inc.  We agree with the Association.

{¶32}  "Ordinary rules of contract construction are used to construe a restrictive covenant * * * [t]hus, covenants should be construed with the parties' intent." *Dillingham v. Do,* 12th Dist. Butler Nos. CA2002-01-004, CA 2002-01-017, 2002-Ohio-3349.  The language in the covenant "should be given its common, ordinary meaning in light of the circumstances surrounding the creation of the covenant."  *Id.*  "Restrictive covenants should be construed to effect the purpose for which they were intended."  *Id.*

{¶33}  There are five requirements for the creation of an enforceable restriction on the use of land by covenant.  *Id.*  These requirements are as follows:

First, the restrictions must be a part of the general subdivision plan, applicable to all lots in the subdivision.  Second, lot purchasers must be given adequate notice of the restriction.  Third, the restrictions must be in

accord with public policy, and they are unenforceable to the extent that they are not. Fourth, the restriction cannot be implied, but must be express. Fifth, the restrictions must run with the land, and therefore must be inserted in the form of covenants in the owner's chain of title. Otherwise, subsequent purchasers are not bound.

*Id.,* quoting *Maasen v. Zopff*, 12th Dist. Warren Nos. 98-10-135, 98-10-138, 98-12-153, 1999 WL 552747 (July 26, 1999).

**{¶34}** In this case, the deed restrictions apply to all of appellants' neighbors and are part of the general subdivision plan, the deed restrictions are in accord with public policy, and the deed language is express as it states it runs with the land. With regards to adequate notice of the restriction, Schuss testified that the realtor they utilized in purchasing the lot who was a long-term resident of the neighborhood, told them about the deed restrictions, though the realtor said restrictions such as those regarding tool sheds and RV's in driveways were frequently ignored or were not enforceable after the passage of a long period of time. Schuss stated they first saw the deeds with the deed restrictions "before we purchased the home, before we made an offer, sometime in 1996 or 1997." Schuss testified he did attend association meetings from time to time and paid dues for 2005 and 2006. Lipchak confirmed that when she purchased the property, she was notified by the realtor that there were deed restrictions. Thus, appellants had adequate notice of the restrictions.

**{¶35}** Apart from the lack of the word "Woods" in the homeowner's association's title for Section 2, all of the five requirements are satisfied by the evidence. The Association contends this was a scrivener's error and thus the 1972 deed should be

corrected.  Black's Law Dictionary defines "scrivener's error" as a synonym for "clerical error."  A "clerical error" is one "resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination."  *Black's Law Dictionary* 18(c) (9th ed. 2009).  Examples of clerical or "scrivener's" errors include: "omitting an appendix from a document, typing an incorrect number, mistranscribing a word, and failing to log a call."  *Id.*

{¶36}  Edward Laramee ("Laramee"), involved with the Association as a trustee and an officer since moving into Section 2 in 1979, testified as follows:

Q.  There is no Chevington Civic Association; is that correct?

A. If I want to say Chevington Woods Civic Association, Chevington Civic Association, or the lack of including that - - the Woods, to me, you could call it scrivener's – what is the term, scrivener's error?  I'm not sure if I'm quoting that exactly properly at this point in time, again, looking back.

Laramee Deposition page 49-50.

{¶37}  Laramee stated the issue about the difference in the names of the Association was discussed in 1999, but he did not recall the outcome.  As a resident of Section 2 since 1979, Laramee considered himself a member of the Association, and was both a trustee and an officer.

{¶38}  Appellants' own testimony and actions reflect that their understanding was the Association is the "association" listed in their deed.  Lipchak testified that she does not believe the entity of "Chevington Civic Association" exists.  Schuss confirmed that appellants paid dues to the Association in April of 2005 and October of 2006 and, though Lipchak characterized the payments as "charitable contributions," she confirmed

the checks were "payment – they went with a payment of invoices" from the Association. Appellants disregarded any assessments after 2006, but attended some meetings, the last one in January of 2007.

{¶39} In addition to the testimony of Laramee, Lipchak, Schuss, and the actions of appellants themselves, based upon the evidence of the uniformity of the deeds for the subdivisions except for the "Woods" omission, the fact that the Association has been the one and only civic association in the Chevington Woods subdivisions for forty years, and the stated purpose in the Articles of Incorporation to "promote the general welfare of the people who reside in the Chevington Woods Subdivisions," we find the Association has met their burden to demonstrate the unintentional omission of the word "Woods" was a scrivener's error. Accordingly, we find that the scrivener's or clerical error omitting the term "Woods" from the deed restriction does not excuse appellants from membership in the Association. The trial court did not err in finding appellants were bound by the Association's rules and regulations and were members of the Association.

{¶40} Appellants also argue the trial court erred in finding the bylaws of the Association are valid. The Planned Community Law required existing owners associations and nonprofit corporations such as the Association to file and record its bylaws within 180 days of the effective date of the law and stated what the declaration and bylaws should contain, such as the election of the board. R.C. 5312.02. In this case, the bylaws were timely filed and recorded as required by R.C. 5312. We further find the bylaws are in compliance with Chapter 5312, et seq. Article III, Section 1 of the bylaws states that, "[d]ues as determined by a vote of a majority of Trustees and

Officers in attendance at the first meeting of the new administration in June shall be assessed each on each membership as classified in Article II, Section 1" (land owners of each improved lot). Accordingly, the Association has valid bylaws stating appellants, as land owners of an improved lot, owe dues.

{¶41} Appellants argue the trial court erred in granting summary judgment as to the special assessments because the bylaws were not properly amended in October of 2007. We disagree. Article III, Section 7 of the bylaws provides that, "[t]he Board of Trustees shall have the power to appeal to the association membership for special dues assessments in the event of emergency conditions requiring expenditures of funds not available in the association treasury." Pursuant to the minutes of the October 2007 association meeting, the secretary introduced a resolution from the trustees, pursuant to Article III, Section 7 of the bylaws, requesting a special dues assessment for legal fees and other financial obligations of the Association. The resolution passed. Accordingly, the bylaws were not improperly amended.

{¶42} Appellants further argue that, based upon the total funds the Association had at the end of 2010, the legal fees should have been paid off by the special assessment. However, the resolution passed at the October 2007 meeting was for "legal fees currently due and owing" and "other financial obligation of the Association." Appellants failed to set forth evidence that the legal fees and other financial obligations of the Association as set forth in the resolution were actually paid off in 2010.

{¶43} Upon review, we find the trial court did not err in granting summary judgment to the Association on its counterclaim and on appellants' complaint. Assignments of Error I, II, III, IV, V, and VI are overruled.

VII.

{¶44} Appellants argue the trial court abused its discretion when it denied their motion for leave to file a third amended complaint or file a supplemental complaint to add a Marketable Title Act theory of recovery. We disagree.

{¶45} Civil Rule 15(A) provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party" when the opposing party has already filed its responsive pleading in the case. An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse of discretion standard. *Wilmington Steel Products, Inc. v. Cleveland Electric Illuminating Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186. While Civil Rule 15(A) allows for liberal amendment, the trial court does not abuse its discretion if it denies a motion to amend pleadings if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Hoover v. Sumlin*, 12 Ohio St.3d 1, 465 N.E.2d 377 (1984).

{¶46} In this case, the trial court had already permitted appellants to file two amended complaints. By the time appellants filed the motion for leave to amend in February of 2014, this case had been pending for over two years, discovery was completed, both parties had filed their motions for summary judgment, a non-oral hearing on the motions for summary judgment was set for ten days after the motion to amend was filed, and the second deadline to amend the pleadings had expired on September 14, 2012. Further, appellants filed their motion to amend only after their

motion to stay this case based on a new complaint filed for violations of the Marketable Title Act was denied and their new case was voluntarily dismissed. Accordingly, due to the potential undue prejudice to the opposing party and the undue delay in filing the motion, the trial court did not abuse its discretion in denying appellants' motion to amend complaint.

**{¶47}** Appellants also argue the trial court abused its discretion in denying its motion to file a supplemental complaint adding the Marketable Title Act cause of action.

**{¶48}** Civil Rule 15(E) vests broad discretion in the trial court in allowing parties to amend their pleadings and provides that a trial court may "upon reasonable notice and upon such terms as are just, permit [a party] to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A trial court's decision whether to grant leave to file a supplemental pleading will not be disturbed on appeal absent an abuse of discretion. Civil Rule 15(E); *Mork v. Waltco Truck Equipment Co.*, 70 Ohio App.3d 458, 591 N.E.2d 379 (9th Dist. 1990). Under Civil Rule 15(E), a supplemental pleading is a mere addition to or a continuation of the original complaint and cannot be used to raise new and different causes of action. *Gilson v. Windows and Doors Showcase, LLC*, 6th Dist. Fulton Nos. F-05-017, F-05-024, 2006-Ohio-292.

**{¶49}** As noted above, appellants' motion for leave to file supplemental complaint was filed after discovery had been completed, after the parties had filed their motions for summary judgment, and only after appellants' motion to stay this case pursuant to a newly-filed case asserting the Marketable Title Act theory of recovery was denied. Further, appellants' supplemental pleading is more than a mere addition to, or

continuation of, the original complaint and sets forth a new and different cause of action. Thus, under these circumstances, the trial court did not abuse its discretion in denying appellants' motion to file a supplemental complaint.

{¶50} Appellants' Assignment of Error VII is overruled.

VIII.

{¶51} Appellants incorporate their previous arguments and contend since they are not required to be members of the Association, they are not required to pay dues and Chapter 5312 regarding attorney fees is not applicable to them. Based upon our resolution of Assignments of Error I – VI that appellants are required to be members of the Association pursuant to the bylaws, appellants are required to pay dues and Chapter 5312, authorizing an award of attorney fees and costs, is applicable to them. Appellants did not contest the amount for unpaid dues. Further, at an April 25, 2014 damages hearing, while appellants objected to the fact that attorney fees were due since they were not required to be members of the Association, they stipulated to the reasonableness of attorney fees in the amount of $7,625.74. Accordingly, appellants' Assignment of Error VIII is overruled.

IX.

{¶52} Appellants incorporate their foregoing arguments and contend that since the trial court erred in finding that appellants were required to be members of the Association and required to pay dues, the trial court also erred in dismissing the defendants other than the Association on the basis that the issues against them were moot. Based upon our disposition of Assignments of Error I – VI, we overrule this assignment of error.

X.

{¶53} Appellants claim the trial court erred in finding all the homeowners in Section 2 had to be joined as parties. We disagree.

{¶54} Civil Rule 19 governs joinder of persons needed for just adjudication. Civil Rule 19(A) provides, in pertinent part:

A person who is subject to service of process shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

{¶55} On April 13, 2013, the trial court granted appellants' March 25, 2013 request for leave to file an amended complaint to add the other homeowners in Section 2. Appellants sought to amend their complaint after the Association filed a March 15, 2013 motion challenging the trial court's jurisdiction without the additional parties.

{¶56} In their amended complaint filed on April 19, 2013, appellants sought declaratory relief, seeking to absolve themselves from participation in the Association. In doing so, they challenged the Association's right to force them to obey deed covenants or restrictions and pay dues and assessments. Their premise was that all the homeowners in Section 2 were not required to be members in the Association. As such, they challenged the right or privilege of membership in the Association for all homeowners in Section 2, thereby affecting the rights of those homeowners and the

Association's right to collect dues and assessments from them. Accordingly, we find no error in the joining of the additional homeowners.  Assignment of Error X is overruled.

{¶57}  Based upon the foregoing, appellants' assignments of error are overruled and the judgment entries of the Fairfield County Court of Common Pleas are affirmed.

By Gwin, J., and

Hoffman, P.J., concur

Farmer, J., dissents

*Farmer, J., dissents*

**{¶58}** I respectfully dissent from the majority's resolution of Assignments of Error I through VI and Assignment of Error VIII.

**{¶59}** From my review of the record, I conclude there is insufficient evidence to support the finding of a "scrivener's error."

**{¶60}** It is axiomatic that the party who asserts a proposition i.e., scrivener's error, bears the burden of proof to establish the issue. As explained by this court in *Dornbirer v. Conrad,* 5th Dist. Perry No. 99-CA-26, 2000 WL 1751264, *2 (Nov. 20, 2000):

> Reformation of an instrument based on mutual mistake is permitted only where there is clear proof that the parties to the instrument made the same mistake and that both parties understood the instrument as the party seeking reformation alleges it ought to have been. *See Snedegar v. Midwestern Indemn. Co.* (1988), 44 Ohio App.3d 64, 69. The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence. *Castle v. Daniels* (1984), 16 Ohio App.3d 209.

**{¶61}** The sole testimony to a scrivener's error was provided by Mr. Laramee who was not a property owner at the time of the claimed error in 1972 as he had purchased his property in 1979. Therefore, he lacks personal knowledge of any claimed scrivener's error. The Association did not present any evidence on the claimed

error from an original grantor of the three original deeds, plats, and subsequent amendments.

{¶62} Further, when the Chevington Woods and Chevington Woods North homeowner's associations were modified in 1973, Section 2 was specifically omitted. As cited by the majority in ¶ 30, the current bylaws of the Association provide in part: "Membership in this Association is assumed by the land owner(s) of each improved lot in Chevington Woods Subdivision." Appellants argue the Association declared as "Chevington Woods Subdivision" does not support the Association's claim of a scrivener's error because the Association used the singular word "Subdivision" as opposed to the plural "Subdivision*s*."

{¶63} Although the Association seeks to bootstrap its claim that it represents Section 2, the evidence is less than minimal to support this argument. Mr. Laramee's affirmation and belief as to "that was how it was done," is insufficient to support the Association's position.

{¶1} I would grant Assignments of Error I through VI. The inescapable fact is that although Section 2 has deed covenants/restrictions within the chain of title, the covenants are not to the Association, "Chevington Woods Civic Association, Inc.," but to a nonexistent entity, "Chevington Civic Association."

{¶64} In Assignment of Error VIII, the majority affirms the award of grossly exaggerated fees involved in the collection of the outstanding dues. The trial court awarded the Association $8,185.74, $430.00 of which amounted to the unpaid dues. A review of the record demonstrates that appellants never contested the amount of the unpaid dues or that they were sent a statement of the amount owed. They challenged

the Association's right to collect dues from Section 2 residents. As a result, a great deal of the depositional testimony centered upon the loss of the original Articles of Incorporation and bylaws, the loss of the Secretary of State's compliance certificate, and the justification of the Association's very existence. It appears at times during the Association's various annual meetings, there was insufficient representation to satisfy a quorum.

{¶65} By a "scrivener's error" as the majority accepts, the Association bootstraps a collection fee of $7,755.74 on a $430.00 debt. In fact, most of the Association's legal maneuvers were an effort to justify its own existence.

{¶66} I would grant Assignment of Error VIII and deny the award for counterclaim filing fees and attorney fees.


_____

HON. SHEILA G. FARMER